ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
     – and –
PAUL J. GELLER
STUART A. DAVIDSON
MARK J. DEARMAN
KATHLEEN L. BARBER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
kbarber@rgrdlaw.com

BARNOW AND ASSOCIATES, P.C.
BEN BARNOW
ERICH P. SCHORK
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: 312/621-2000
312/641-5504 (fax)
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK M. FAZIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. CV 12 1127<br><br>CLASS ACTION<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §1750 *ET SEQ.*;<br><br>2. VIOLATIONS OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *ET SEQ.*;<br><br>3. BREACH OF EXPRESS WARRANTY;<br><br>4. INTENTIONAL MISREPRESENTATION; AND<br><br>5. NEGLIGENT MISREPRESENTATION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Frank M. Fazio ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against defendant Apple Inc. ("Apple" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer class action brought by Plaintiff on behalf of himself and all others similarly situated who purchased, for use and not resale, in the United States and its territories and its protectorates, Apple's iPhone 4S (the "iPhone 4S").

2. The Apple iPhone, which includes several different versions (*e.g.*, iPhone 3, iPhone 4, and iPhone 4S) functions as a mobile phone, an iPod, and an Internet communications device all in one and features desktop-class email, web browsing, searching, and maps. The iPhone is compatible with both Mac and Windows-based computers.

3. The iPhone 4S is the latest version of the iPhone and is distinguished by Defendant from its other iPhone devices, including the iPhone 4, predominantly based on the inclusion and touted benefits of a feature styled "Siri."

4. Through an extensive and comprehensive nationwide marketing campaign, Defendant has conveyed the misleading and deceptive message that the iPhone 4S's Siri feature, a so-called voice-activated assistant, performs useful functions and otherwise works as advertised.

5. For example, in many of Apple's television advertisements, individuals are shown using Siri to make appointments, find restaurants, and even learn the guitar chords to classic rock songs or how to tie a tie. In the commercials, all of these tasks are done with ease with the assistance of the iPhone 4S's Siri feature, a represented functionality contrary to the actual operating results and performance of Siri.

6. Defendant's advertising and marketing campaign is designed to cause consumers to purchase the iPhone 4S over other smart phones because of its Siri feature.

7. To the detriment of Plaintiff and the putative Class (as defined below), Defendant's marketing campaign has succeeded. On January 25, 2012, Apple issued its financial results for its fiscal 2012 first quarter ending December 31, 2011, and reported selling approximately 37 million

iPhones for the quarter. According to a recent iPhone blog, approximately 89% of the 37 million iPhones sold that quarter, almost 33 million, were iPhone 4Ss.

8. Defendant's advertisements regarding the Siri feature are fundamentally and designedly false and misleading. Notwithstanding Apple's extensive multi-million dollar advertising campaign showcasing the Siri feature, and the fact that the iPhone 4S is more expensive than the iPhone 4, the iPhone 4S's Siri feature does not perform as advertised, rendering the iPhone 4S merely a more expensive iPhone 4.

9. Defendant's misrepresentations concerning the Siri feature of the iPhone 4S are misleading, false, and reasonably likely to deceive and have deceived Plaintiff and members of the putative Class.

10. Apple has its headquarters in California and sells the iPhone 4S throughout the United States and its territories and protectorates. As a result of the misleading messages about the iPhone 4S's Siri feature, conveyed through its nationwide advertising and marketing campaign, Apple has been able to charge a significant price premium for the iPhone 4S.

11. Indeed, according to Apple's website, an iPhone 4S starts at $199, while the iPhone 4 starts at $99.[1]

12. Defendant knew or should have known that the iPhone 4S does not perform in accordance with the advertisements, marketing materials, and warranties disseminated by Defendant in its nationwide marketing and advertising campaign.

13. Plaintiff brings this action on behalf of himself and all other similarly situated consumers who purchased the iPhone 4S, in order to halt the dissemination of Apple's false and misleading advertising message, and to obtain redress for those who have purchased an iPhone 4S. Plaintiff alleges violations of the Consumers Legal Remedies Act, California Civil Code §1750 *et seq.* (the "California Act"); violations of the Unfair Competition Law, California Business and

---

[1] *See* http://store.apple.com/us/browse/home/shop_iphone/family/iphone/iphone4s (last visited Feb. 28, 2012); http://store .apple.com/us/browse/home/shop_iphone/family/iphone/iphone4 (last visited Feb. 28, 2012).

Professions Code §17200 et seq. (the "UCL"); breach of express warranty; intentional misrepresentation; and negligent misrepresentation.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

15. Pursuant to 28 U.S.C. §1391(b), venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

16. A substantial part of the events or omissions which give rise to the claims in this action occurred in the county of Santa Clara, and as such this action is properly assigned to the San Jose branch of this Court.

## PARTIES

17. Plaintiff Frank M. Fazio is a citizen and resident of the State of New York. On November 19, 2011, Plaintiff purchased an iPhone 4S from a Best Buy retail store in Brooklyn, New York for the price of $299. In purchasing his iPhone 4S, Plaintiff was exposed to Apple's representations regarding the Siri feature. Plaintiff would not have paid the price he paid for the iPhone 4S, if he had not seen these representations.

18. Defendant Apple is a California corporation with its headquarters and principal place of business in Cupertino, California, within this District. Apple is the designer and manufacturer of the iPhone 4S. Apple transacts substantial business throughout the State of California, through advertising, marketing, and ownership of Apple retail stores in several California locations, including in this District, where many members of the Class purchased their iPhone 4Ss.

# SUBSTANTIVE ALLEGATIONS

**Background**

19. Apple manufactures, designs, produces, and sells several types of electronic products, including, among others, personal computers, portable music players, cellular phones, and other communication devices. Among these products is the well-known iPhone 4S, launched in October 2011.

**Apple's Deceptive Marketing Campaign**

20. On October 4, 2011, Apple issued a press release introducing Siri and stating:[2]

> iPhone 4S also introduces Siri, an intelligent assistant that helps you get things done just by asking. Siri understands context allowing you to speak naturally when you ask it questions, for example, if you ask "Will I need an umbrella this weekend?" it understands you are looking for a weather forecast. Siri is also smart about using the personal information you allow it to access, for example, if you tell Siri "Remind me to call Mom when I get home" it can find "Mom" in your address book, or ask Siri "What's the traffic like around here?" and it can figure out where "here" is based on your current location. Siri helps you make calls, send text messages or email, schedule meetings and reminders, make notes, search the Internet, find local businesses, get directions and more. You can also get answers, find facts and even perform complex calculations just by asking.

21. In many of Apple's video advertisements, individuals are shown using Siri to make appointments, find restaurants, and even learn guitar chords to classic rock songs or how to tie a tie.

22. For example, a television advertisement entitled "Road Trip" shows a couple asking Siri numerous questions while traveling to Santa Cruz, California, including "Where is the best barbeque in Kansas City?," "Is there a rodeo in Amarillo today?," and "How big is the Grand Canyon?"[3] In response to the question, "[Are there] any gas stations we can walk to?," Siri immediately answers, "I found two gas stations fairly close to you," and the name and star rating of two gas stations show up on the user's iPhone 4S screen. Similarly, when asked "What does Orion look like?," Siri responds with a map of the Orion constellation and states, "I found this for you."

---

[2] http://www.apple.com/pr/library/2011/10/04Apple-Launches-iPhone-4S-iOS-5-iCloud.html (last visited Feb. 27, 2012).

[3] Apple Inc., "TV Ads," http://www.apple.com/iphone/videos/#tv-ads-rockgod (last visited Feb. 27, 2012).

23.     Likewise, in the television advertisement entitled "Rock God," a guitar player asks Siri numerous questions including, "How do I play London Calling" and "[How do I play] Whole Lotta Love?"[4] In response to the question "[How do I play] a B Minor Ninth?," Siri responds with the proper notes, chord, and sheet music:



24.     According to Apple's website, four out of the seven most recent iPhone 4S television advertisements focus solely on Siri.[5]

25.     Apple's website also touts Siri as a major selling point. For example, the "iPhone" tab on Apple's website brings you to welcome screen stating:[6]

---

[4]   Apple Inc., "TV Ads," http://www.apple.com/iphone/videos/#tv-ads-roadtrip (last visited Feb. 27, 2012).

[5]   http://www.apple.com/iphone/videos/#tv-ads-roadtrip (last visited Feb. 28, 2012).

[6]   http://www.apple.com/iphone/ (last visited Feb. 27, 2012).

COMPLAINT FOR VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT - 5 -

> **Introducing Siri.**
>
> **The intelligent assistant
> that's there to help. Just ask.**
>
> Ask Siri to make calls, send texts, set reminders, and more. Just talk the way you talk. Siri understands what you say and knows what you mean.

26.  The website also contains a link to a video entitled "IPhone 4S Video," which introduces the iPhone 4S as well as its new features.[7] The iPhone 4S Video depicts multiple demonstrations involving Siri and its capabilities. For instance, in response to the request, "Find me an Italian restaurant in North Beach," Siri answers, "OK these 25 Italian restaurants are in North Beach" as the iPhone 4S user screen shows the name and star rating of 25 Italian restaurants located in North Beach. The iPhone 4S Video next shows a man jogging and asking Siri to "Move my meeting with Kelly Altech to 12:00 p.m." Siri responds, "Note that you already have a meeting about budgets at 12 p.m."

27.  Also during the iPhone 4S Video, Scott Forstall, Senior Vice President iOS Software, further comments on Siri, stating: "It's like this amazing assistant that listens to you, understands you, can answer your questions and can even accomplish tasks for you. . . . A lot of devices can recognize the words you say, but the ability to understand what you mean and act on it, that's the breakthrough with Siri."

28.  On January 25, 2012, Apple issued its financial results for its fiscal 2012 first quarter ending December 31, 2011, and reported selling approximately 37 million iPhones for the quarter. According to a recent iPhone blog, approximately 89% of the 37 million iPhones sold that quarter were iPhone 4Ss.[8] In addition, the blog estimated that approximately 42% of current iPhone 4S

---

[7]  Apple Inc., "Watch the iPhone 4S video," http://www.apple.com/iphone (last visited Feb. 27, 2012).

[8]  http://www.theiphoneblog.net/iphone-4s-contributed-89-of-total-us-iphone-sales/ (last visited Feb. 27, 2012).

COMPLAINT FOR VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT  - 6 -

1  users cancelled their contracts with other carriers in order to purchase the iPhone 4S.[9] Indeed, a
2  Consumer Intelligence Research poll of 6,316,365 iPhone users found that from October 2001
3  through the end of 2011, 36% of iPhone 4S users had switched from a different platform.[10]

**Plaintiff Purchases the iPhone 4S and
Soon Learns Siri Does Not Perform As Advertised**

29. On November 19, 2011, Plaintiff purchased his iPhone 4S, Serial Number C39GFCDJDTFF, from a Best Buy retail store in Kings County, New York.

30. Promptly after the purchase of his iPhone 4S, Plaintiff realized that Siri was not performing as advertised. For instance, when Plaintiff asked Siri for directions to a certain place, or to locate a store, Siri either did not understand what Plaintiff was asking, or, after a very long wait time, responded with the wrong answer.

31. Upon information and belief, Plaintiff's problems with Siri are not unique, and they have repeatedly occurred with use of the iPhone 4S.

32. In addition to the fact that Siri does not perform as advertised, recent reports have shown that continuous Siri usage dramatically increases an iPhone 4S users' monthly data usage, and can easily push users over their data plans.[11]

33. Defendant had actual or constructive knowledge of the iPhone 4S's shortcomings prior to its distribution. Indeed, buried in Apple's website is the amorphous sentence: "Siri is currently in beta and we'll continue to improve it over time."[12]

34. To the detriment of consumers, however, the bulk of Apple's massive marketing and advertising campaign, including its dominant and expansive television advertisements, fail to

---

[9] *Id.*

[10] http://www.phonearena.com/news/Breaking-down-Apple-iPhone-4S-buyers-with-statistics_id26184 (last visited Feb. 27, 2012).

[11] Jacqui Cheng, *Siri, how much data do you gobble up in a month?*, Ars Technica, http://arstechnica.com/apple/news/2011/11/how-data-heavy-is-siri-on-an-iphone-4s-ars-investigates.ars (last visited Mar. 6, 2012).

[12] http://www.apple.com/iphone/features/siri-faq.html (last visited Feb. 27, 2012).

COMPLAINT FOR VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT - 7 -

mention the word "beta" and the fact that Siri is, at best, a work-in-progress. Indeed, it is only through following a series of links within Apple's website, including a footnote at the bottom of a page,[13] that one would learn that Siri is only a work-in-progress.[14]

35. Similarly, Apple never disclosed that the Siri transactions depicted in its television commercials are fiction and that actual consumers using actual iPhone 4Ss cannot reasonably expect Siri to perform the tasks performed in Apple's commercials.

36. The information withheld from Plaintiff and the other Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all as more detailed herein.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) on behalf of himself and all others similarly situated as members of the following Class:

> All persons in the United States who purchased, for use and not resale, an Apple iPhone 4S (the "Class").

38. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are Defendant and its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant; its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant; its directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

39. *Numerosity.* The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the Class contains millions of members. The precise number of Class members is unknown to Plaintiff. The true

---

[13] *See* n.1, http://www.apple.com/iphone/features/#siri (last visited Feb. 27, 2012).

[14] http://www.apple.com/iphone/features/siri-faq.html (last visited Feb. 27, 2012).

number of Class members is known by Defendant, however, and, thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

40. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Siri works as advertised;

(b) Whether Defendant knew that its representations about Siri were false and misleading but continued to disseminate them;

(c) Whether Defendant's claims are false, misleading, or reasonably likely to deceive;

(d) Whether Defendant engaged in false or deceptive advertising;

(e) Whether Defendant violated the California Act;

(f) Whether Defendant violated the UCL;

(g) Whether Defendant breached any express warranty to Plaintiff and the other Class members;

(h) Whether Defendant intentionally misrepresented material facts relating to the character and quality of the iPhone 4S's Siri feature;

(i) Whether Defendant negligently misrepresented material facts relating to the character and quality of the iPhone 4S's Siri feature;

(j) Whether Defendant failed to disclose material facts about the limitations of the performance of the iPhone 4S's Siri feature;

(k) Whether Plaintiff and the other Class members have sustained monetary loss and the proper measure of that loss;

(l) Whether Plaintiff and the other Class members are entitled to damages and the proper measure of damages; and

(m) Whether Plaintiff and the other Class members are entitled to declaratory and injunctive relief.

41. *Typicality*. Plaintiff's claims are typical of the claims of the members of the Class in that Defendant manufactured, marketed, advertised, sold, and warranted the iPhone 4S, including its Siri features, to Plaintiff and all other members of the Class.

42. *Adequacy of Representation*. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

43. *Superiority*. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

44. In the alternative, the Class may be also certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

45. The claims asserted herein are applicable to all consumers throughout the United States who purchased, for use and not resale, the iPhone 4S.

46. Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

47. Damages may be calculated from the claims data maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiff and the other members of the Class is not a barrier to class certification.

## COUNT I

### Violations of the Consumers Legal Remedies Act
### California Civil Code §1750, *et seq.*

48. Plaintiff realleges and incorporates by reference the previous allegations as if fully set forth herein.

49. This cause of action is brought pursuant to the California Act. Plaintiff and the other Class members are consumers as defined by California Civil Code §1761(d). The product is a good within the meaning of the California Act.

50. Defendant violated and continues to violate the California Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions that were intended to result in, and did result in, the sale of the product:

(a) Representing that the iPhone 4S has characteristics and benefits which it does not have;

(b) Representing that the iPhone 4S is of a particular standard, quality, or grade, which it is not;

(c) Advertising the iPhone 4S with intent not to sell it as advertised; and

1         (d)     Representing that the iPhone 4S has been supplied in accordance with previous representations when it has not.

51.     Defendant knew, or should have known, that its representations and advertisements regarding the iPhone 4S were unsubstantiated, false, and misleading.

52.     Pursuant to California Civil Code §1782(d), Plaintiff seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

53.     Pursuant to §1782 of the California Act, Notice to Defendant was satisfied when Plaintiff sent a notice letter by certified mail to Defendant's Chief Executive Officer, Timothy Cook.

54.     Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the California Act. Plaintiff hereby provides Defendant with an additional 30 days from the date of this Complaint after which time Plaintiff will, without further amendment, seek actual, punitive, and statutory damages, as appropriate. Defendant's conduct is malicious, fraudulent, and wanton, and provides misleading information.

## COUNT II

**Violation of California's Unfair Competition Law**
**California Business and Professions Code §17200, *et seq.***

55.     Plaintiff realleges and incorporates by reference the previous allegations as if fully set forth herein.

56.     The UCL prohibits any "unlawful . . . business act or practice." Defendant violated §17200's prohibition against engaging in unlawful acts and practices by, inter alia, engaging in false and misleading advertising and omitting material facts, as set forth more fully herein, violating California Civil Code §§1572-1573, 1709-1711 and 1770, and the common law.

57.     Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

58.     The UCL also prohibits any "unfair or fraudulent business act or practice."

59.     Defendant's acts, omissions, misrepresentations, practices, and non-disclosures alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in

that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

60. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition, and truth in advertising laws in California resulting in harm to consumers. Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. The conduct constitutes violations of the unfair prong of the UCL. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

61. Defendant's claims, non-disclosures, and misleading statements, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of the UCL.

62. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Defendant's unfair conduct.

63. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts and practices in false advertising, entitling Plaintiff and the other Class members to judgment and equitable relief against Defendant as set forth in the Prayer for Relief.

64. Additionally, pursuant to California Business & Professions Code §17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

### COUNT III

### Breach of Express Warranty

65. Plaintiff realleges and incorporates by reference the previous allegations as if fully set forth herein.

66. Plaintiff and each member of the Class formed a contract with Defendant at the time Plaintiff and the other Class members purchased Defendant's iPhone 4S. The terms of the contract

include the promises and affirmations of fact made by Defendant on its website and through its marketing and advertising campaign that the iPhone 4S's Siri feature performs as advertised, as described above.

67. This marketing and advertising constitutes express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand and Defendant on the other.

68. Plaintiff reasonably relied upon such the promises and affirmations of fact contained in Apple's marketing campaign.

69. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the products as advertised and described above.

70. As a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of Defendant's product.

71. All conditions precedent to Defendant's liability under this express contract, including notice, have been performed by Plaintiff and the Class.

### COUNT IV

### Intentional Misrepresentation

72. Plaintiff realleges and incorporates by reference the previous allegations as if fully set forth herein.

73. At all relevant times, Defendant was engaged in the business of designing, manufacturing, marketing, distributing or selling the iPhone 4S.

74. Defendant, acting through its officers, agent, servants, representatives, or employees, delivered the iPhone 4S to its own retail stores, distributors, and various other distribution channels.

75. Defendant willfully, falsely, and knowingly misrepresented various material facts regarding the quality and character of the iPhone 4S's Siri feature. These misrepresentations are contained in various advertising and marketing disseminated or caused to be disseminated by Defendant, and such misrepresentations were further reiterated and disseminated by Defendant's officers, agents, representatives, servants, or employees acting within the scope of their authority, so

employed by Defendant to merchandise and market the iPhone 4S. Specifically, Apple's television commercials showed Siri performing a variety of functions and tasks that Siri is incapable of performing in the manner advertised.

76. Defendant's representations were made with the intent that the general public, including Plaintiff and the other Class members, rely upon them. Defendant's representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof. If Plaintiff and the Class had been aware of these suppressed facts, Plaintiff and the Class would not have purchased the iPhone 4S at the price sold by Defendant. In reliance upon these misrepresentations, Plaintiff purchased the iPhone 4S for use of Siri as described in Defendant's advertising.

77. Upon information and belief, Plaintiff and the Class allege that Defendant misrepresented material facts with the intent to defraud Plaintiff and the Class. The information withheld from Plaintiff and the other Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all as more detailed herein.

78. Plaintiff purchased the iPhone 4S under the impression that the iPhone 4S's Siri feature functions as advertised, the direct and proximate results of which were injury and harm to Plaintiff and the Class.

## COUNT V

### Negligent Misrepresentation

79. Plaintiff realleges and incorporates by reference the previous allegations as if fully set forth herein.

80. Defendant negligently and recklessly misrepresented various material facts regarding the quality and character of the iPhone 4S's Siri feature, under circumstances where Defendant either knew or reasonably should have known that the representations were not true. These misrepresentations were contained in various advertising and marketing from Defendant, and such misrepresentations were further reiterated and disseminated by the officers, agents, representatives, servants, or employees of Defendant acting within the scope of their authority.

81. The information withheld from Plaintiff and the other Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all as more detailed herein.

82. Plaintiff purchased the iPhone 4S under the impression that the iPhone 4S's Siri feature functions as advertised, the direct and proximate results of which were injury and harm to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendant as follows:

A. Certification of this action as a class action, appointment of Plaintiff as a Class representative, and appointment of the undersigned counsel as Class counsel;

B. An order declaring the actions complained of herein to be in violation of the statutory laws set forth above, including a preliminary injunction enjoining Defendant from further acts in violation of the California Act and the UCL, pending the outcome of this action;

C. An order enjoining and restraining Defendant from any further acts in violation of the California Act and the UCL, as set forth above;

D. An award of compensatory damages, statutory damages, restitution, and all other forms of monetary and non-monetary relief recoverable under California law;

E. An award of pre-judgment and post-judgment interest;

F. An award of injunctive relief;

G. An award of costs, including, but not limited to, discretionary costs, attorneys' fees, and expenses incurred in prosecuting this case; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: March 6, 2012

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS

_____
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
MARK J. DEARMAN
KATHLEEN L. BARBER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

BARNOW AND ASSOCIATES, P.C.
BEN BARNOW
ERICH P. SCHORK
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Telephone: 312/621-2000
312/641-5504 (fax)

Attorneys for Plaintiff

C:\Documents and Settings\DeborahD\Local Settings\Temporary Internet Files\OLK11\Cpt iPhone 4S Siri.doc

COMPLAINT FOR VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT — - 17 -