1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
Post Montgomery Center
3  One Montgomery Street, Suite 1800
San Francisco, CA  94104
4  Telephone:  415/288-4545
415/288-4534 (fax)
5  shawnw@rgrdlaw.com

6  BARNOW AND ASSOCIATES, P.C.
BEN BARNOW
7  ERICH P. SCHORK
One North LaSalle Street, Suite 4600
8  Chicago, IL  60602
Telephone:  312/621-2000
9  312/641-5504 (fax)
b.barnow@barnowlaw.com
10  e.schork@barnowlaw.com

11  GARDY & NOTIS, LLP
JAMES S. NOTIS
12  JENNIFER SARNELLI (242510)
501 Fifth Avenue, Suite 1408
13  New York, NY 10017
Telephone: 212/905-0509
14  212/905-0508 (fax)
jnotis@gardylaw.com
15  jsarnelli@gardylaw.com

16  Co-Lead Counsel for Plaintiffs

17  [Additional counsel appears on signature page.]

18  UNITED STATES DISTRICT COURT

19  NORTHERN DISTRICT OF CALIFORNIA

20  OAKLAND DIVISION

| | |
|---|---|
| 21  In re IPHONE 4S CONSUMER LITIGATION | ) Master File No. 4:12-cv-01127-CW |
| 22 | ) CLASS ACTION |
| | ) |
| 23  This Document Relates To: | ) CONSOLIDATED CLASS ACTION ) COMPLAINT |
| 24      ALL ACTIONS. | ) |
| 25 | ) |

26

27

28

1  Plaintiffs Frank M. Fazio, Carlisa S. Hamagaki, Daniel M. Balassone and Benjamin

2  Swartzman (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated,

3  upon personal knowledge of facts pertaining to them and on information and belief as to all other

4  matters, by and through Plaintiffs' Co-Lead Counsel, bring this Consolidated Class Action

5  Complaint against defendant Apple Inc. ("Apple" or "Defendant").

6  **INTRODUCTION**

7  1.      This Consolidated Class Action Complaint (the "Complaint") is filed pursuant to the

8  March 29, 2012 Stipulation and Order Consolidating Cases and Appointing Plaintiffs' Co-Lead

9  Counsel, ¶14 [D.E. 14].

10  2.      This is a consumer class action brought by Plaintiffs on behalf of themselves and all

11  others similarly situated who purchased, for use and not resale, in the United States and its territories

12  and protectorates, Apple's iPhone 4S (the "iPhone 4S").

13  3.      The Apple iPhone, which includes several different versions (*e.g.*, iPhone 3, iPhone 4

14  and iPhone 4S) functions as a mobile phone, an iPod and an Internet communications device all in

15  one and features desktop-class email, web browsing, searching, and maps.  The iPhone is compatible

16  with both Mac and Windows-based computers.

17  4.      The iPhone 4S, introduced into the market on October 4, 2011, is the latest version of

18  the iPhone and is distinguished by Defendant from its other iPhone devices, including the iPhone 4,

19  predominantly based on the inclusion and touted benefits of a feature styled "Siri."

20  5.      In this case, Plaintiffs challenge Defendant's actions in connection with its

21  misleading and deceptive advertising related to the iPhone 4S's Siri feature.

22  6.      Specifically, through an extensive and comprehensive nationwide marketing

23  campaign, Defendant has conveyed the misleading and deceptive message that the iPhone 4S's Siri

24  feature, a so-called voice-activated assistant, is able to perform various tasks depicted in Apple's

25  advertisements.

26  7.      For example, in many of Apple's television advertisements, individuals are shown

27  using Siri to make appointments, find restaurants, craft text messages, learn the guitar chords to

28  classic rock songs and how to tie a tie.  Indeed, Siri is also shown to understand and respond to a

1  voice command given by someone who is in the middle of running.  In the commercials, all of these

2  tasks are done with ease with the assistance of the iPhone 4S's Siri feature; a represented

3  functionality contrary to the actual operating results and performance of Siri.

4          8.      The truth is that Siri does not work as shown in Apple's popular advertisements.

5          9.      Defendant's advertising and marketing campaign is designed to cause consumers to

6  purchase the iPhone 4S over other smart phones because of its Siri feature.

7         10.     To the detriment of Plaintiffs and the putative Class (as defined below), Defendant's

8  marketing campaign has succeeded.  On January 25, 2012, Apple issued its financial results for its

9  fiscal 2012 first quarter ending December 31, 2011, and reported selling approximately 37 million

10  iPhones for the quarter.  According to a recent iPhone blog, approximately 89% of the 37 million

11  iPhones sold that quarter, almost 33 million, were iPhone 4Ss.

12         11.     Defendant's advertisements regarding the Siri feature are fundamentally and

13  designedly false and misleading.  Notwithstanding Apple's extensive multi-million dollar marketing

14  campaign showcasing the Siri feature, and the fact that the iPhone 4S is more expensive than the

15  iPhone 4, the iPhone 4S's Siri feature does not perform as advertised, rendering the iPhone 4S

16  merely a more expensive iPhone 4.

17         12.     Defendant's misrepresentations concerning the Siri feature of the iPhone 4S are

18  misleading, false and reasonably likely to deceive and have deceived Plaintiffs and members of the

19  putative Class.

20         13.     Apple knew or should have known that the iPhone 4S's Siri feature does not perform

21  as advertised.

22         14.     Apple has its headquarters in California and sells the iPhone 4S throughout the

23  United States and its territories and protectorates.  As a result of the misleading messages about the

24  iPhone 4S's Siri feature, conveyed through its nationwide advertising and marketing campaign,

25  Apple has been able to charge a significant price premium for the iPhone 4S.

26

27

28

CONSOLIDATED CLASS ACTION COMPLAINT - 4:12-cv-01127-CW                - 3 -

1       15.     Indeed, according to Apple's website, an iPhone 4S starts at $199, while the iPhone 4

2 starts at $99.[1] Siri was the primary difference between the iPhone 4 released by Apple in June 2010

3 and the iPhone 4S.  Apple's marketing campaign was geared towards this "amazing " new feature to

4 convince consumers to choose the iPhone 4S over the iPhone 4, despite the additional cost.

5       16.     Defendant knew, or should have known that, the iPhone 4S's Siri feature does not

6 perform in accordance with the advertisements, marketing materials and warranties disseminated by

7 Defendant in its nationwide marketing and advertising campaign.

8       17.     Plaintiffs bring this action on behalf of themselves and all other similarly situated

9 consumers who purchased the iPhone 4S, in order to halt the dissemination of Apple's false and

10 misleading advertising message and to obtain redress for those who have purchased an iPhone 4S.

11 Plaintiffs allege violations of the Consumers Legal Remedies Act, California Civil Code §1750 *et*

12 *seq.* (the "California Act"); violations of the California False and Misleading Advertising Law,

13 California Business and Professions Code §17500 *et seq.*; violations of the Unfair Competition Law,

14 California Business and Professions Code §17200 *et seq.* (the "UCL"); violations of the Magnuson-

15 Moss Warranty Act, 15 U.S.C. §2301 *et seq.* ("MMWA"); breach of express warranty; breach of

16 implied warranty of merchantability; intentional misrepresentation; negligent misrepresentation; and

17 unjust enrichment.

18                             **JURISDICTION AND VENUE**

19       18.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as modified by the

20 Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a

21 different state than Defendant, there are more than 100 members of the Class, and the aggregate

22 amount in controversy exceeds $5,000,000, exclusive of interest and costs.

23       19.     Pursuant to 28 U.S.C. §1391(b), venue is proper in this District because a substantial

24 part of the events or omissions giving rise to the claims occurred in this District.

25

26

27 [1]     *See* http://store.apple.com/us/browse/home/shop_iphone/family/iphone/iphone4s (last visited Feb. 28, 2012).

28

CONSOLIDATED CLASS ACTION COMPLAINT - 4:12-cv-01127-CW           - 4 -

**PARTIES**

**Plaintiffs**

20.     Plaintiff Frank M. Fazio ("Fazio") is a citizen and resident of the State of New York. On November 19, 2011, Fazio purchased an iPhone 4S, Serial Number C39GFCDJDTFF, from a Best Buy retail store in Brooklyn, New York, for the price of $299. Fazio purchased the iPhone 4S, because he saw and relied upon Apple's representations regarding the Siri feature. Specifically, Fazio purchased the iPhone 4S because he saw and relied upon Apple's television advertisements and Apple's representations made about Siri during various presentations and on Apple's website.

21.     Promptly after the purchase of his iPhone 4S, Fazio realized that Siri was not performing as advertised. According to Fazio, Siri was unable to answer specific questions. For instance, when Fazio asked Siri for directions to a certain place, or to locate a store, Siri either did not understand what Fazio was asking or, after a very long wait time, responded with the wrong answer. More specifically, Fazio asked Siri to compare the fat content between two meals, the location of a children's party venue, information related to the "guided reading" teaching method and directions to a doctor's office located in Brooklyn. Siri was unable to answer Fazio's questions properly. Fazio has been damaged in that he purchased an iPhone 4S and has lost money he spent purchasing his iPhone 4S while being misled about the utility of the iPhone 4S's Siri feature. He would not have paid the price he paid for the iPhone 4S if he had not seen and relied upon these representations.

22.     Carlisa S. Hamagaki ("Hamagaki") is a citizen and resident of the State of California. Hamagaki purchased her iPhone 4S online through Apple's website, www.apple.com, at or about the time of its release, for the price of $199. Hamagaki purchased the iPhone 4S because she saw and relied upon Apple's television advertisements and Apple's representations related to Siri on its website.

23.     Soon after purchasing her iPhone 4S, Hamagaki realized that Siri was not working as advertised or expected. For example, while Siri was able to respond to very general requests, such as "find me a gas station" or "find me Thai food," when asked anything more complex, Siri could not come up with an answer. As a result, according to Hamagaki, the iPhone 4S is nothing but a

1   more expensive iPhone 4.  Hamagaki has been damaged in that she purchased an iPhone 4S and has

2   lost money she spent purchasing her iPhone 4S while being misled about the utility of the iPhone

3   4S's Siri feature.  Hamagaki would not have paid the price she paid for the iPhone 4S if she had not

4   seen and relied upon these representations.

5        24.     Plaintiff Daniel M. Balassone ("Balassone") is a citizen and resident of the State of

6   New Jersey.  On October 20, 2011, Balassone purchased an iPhone 4S, Serial Number

7   DNQGJ0YFDFTDC, from an Apple retail store in Rockaway, New Jersey, for the price of $299.

8   Balassone purchased the iPhone 4S, because he saw and relied upon Apple's representations

9   regarding the Siri feature.  Specifically, Balassone relied on the statements and interactive

10  demonstrations performed at Apple's October 4, 2011 press conference and other representations.

11  For example, Siri was introduced at the press conference as a "digital assistant," and during the

12  interactive demonstration when Siri was asked live "do I need a raincoat today," Siri promptly

13  replied "it sure looks like rain today" and displayed the weather forecast.  According to Balassone,

14  these representations showed that a user was able to ask Siri a question and that Siri was then able to

15  determine what a user wanted to know and then respond with the right information.

16       25.     After the purchase of his iPhone 4S, Balassone realized that Siri was not performing

17  as advertised.  Siri frequently gave Balassone wrong information or failed to respond.  Balassone

18  attempted to mirror the command given to Siri in the Apple advertisements.  However, when

19  Balassone asked Siri to show him guitar chords as seen in Apple's "Rock God" television

20  advertisements, Siri did not answer in the same manner as in the television advertisement.

21       26.     For example, when Balassone asked Siri: "how do you play an A chord?" Siri

22  answered, "OK, how about a web search for 'how do you plan a quart?'"  When Balassone asked

23  "how do you play a B minor chord?" Siri responded, "looking for B minor chord," followed by "still

24  thinking," and eventually responded "Sorry, I couldn't find B minor chord in your music."

25  Balassone has been damaged in that he purchased an iPhone 4S and has lost money he spent

26  purchasing his iPhone 4S while being misled about the utility of the iPhone 4S's Siri feature.

27  Balassone would not have paid the price he paid for the iPhone 4S if he had not seen and relied upon

28  these representations.

CONSOLIDATED CLASS ACTION COMPLAINT - 4:12-cv-01127-CW       - 6 -

27.     Plaintiff Benjamin Swartzman ("Swartzman") is a citizen and resident of the State of California. On January 7, 2012, Swartzman purchased an iPhone 4S, Serial Number DNPGYP8TDT9V, from an Apple retail store in San Luis Obispo, California, for the price of $199. Swartzman purchased the iPhone 4S, because he saw and relied upon Apple's representations regarding the utility of the Siri feature.  Specifically, Swartzman relied on Apple's advertisements showing that Siri would accurately provide information based on verbal commands, would permit accurate dictation of emails and would substantially shorten and simplify research time.

28.     Soon after the purchase of his iPhone 4S, Swartzman realized that Siri was not performing as advertised and frequently gave Swartzman wrong information or failed to respond. For example, Swartzman attempted to use Siri to make phone calls or send emails, and Siri repeatedly gave the wrong names and numbers of people that he was trying to contact.  When he asked Siri the weather in Palm Springs, Siri did not understand what he was asking for.  Recently, Swartzman asked Siri, "When is St Patrick's Day?" and Siri responded, "Sorry, I don't understand 'When is St Patrick's Day.'"

**Defendant**

29.     Defendant Apple is a California corporation with its headquarters and principal place of business in Cupertino, California, within this District.  Apple is the designer and manufacturer of the iPhone 4S.  Apple transacts substantial business throughout the State of California, through advertising, marketing and ownership of Apple retail stores in several California locations, including in this District, where many members of the Class purchased their iPhone 4Ss.

30.     All critical decisions made with respect to the iPhone 4S's Siri feature, including all decisions concerning the marketing and advertising of the iPhone 4s's Siri feature, were made by Apple employees located in California.  Apple sold the iPhone 4S through retail stores, the Internet and also through television and other advertisements, all of which led consumers to purchase the iPhone 4S.

31.     Defendant's conduct has included the systematic and continuing practice of disseminating false and misleading information throughout the United States, from California, via pervasive multi-media advertising which was and are intended to induce unsuspecting consumers,

1   including Plaintiffs and the members of the Class, into purchasing the more expensive iPhone 4S

2   because of its Siri feature, which does not perform as advertised, although those advertisements

3   serve as the basis for consumers' decisions to purchase the iPhone 4S.

4                              **SUBSTANTIVE ALLEGATIONS**

5   **Background**

6          32.     Apple manufactures, designs, produces and sells several types of electronic products,

7   including, among others, personal computers, portable music players, cellular phones and other

8   communication devices.  Among these products is the well-known iPhone 4S, launched in October

9   2011.

10  **Apple's Deceptive Marketing Campaign**

11         33.     Apple is well known for inventive consumer electronics.  The iPhone 4S, Apple's 5th

12  generation of mobile-telephone, has been touted by Apple as "the best iPhone yet."

13         34.     On October 4, 2011, Apple issued a press release introducing Siri and stating:[2]

14         iPhone 4S also introduces Siri, an intelligent assistant that helps you get things done
           just by asking.  Siri understands context allowing you to speak naturally when you
15         ask it questions, for example, if you ask "Will I need an umbrella this weekend?" it
           understands you are looking for a weather forecast.  Siri is also smart about using the
16         personal information you allow it to access, for example, if you tell Siri "Remind me
           to call Mom when I get home" it can find "Mom" in your address book, or ask Siri
17         "What's the traffic like around here?" and it can figure out where "here" is based on
           your current location.  Siri helps you make calls, send text messages or email,
18         schedule meetings and reminders, make notes, search the Internet, find local
           businesses, get directions and more.  You can also get answers, find facts and even
19         perform complex calculations just by asking.

20         35.     Upon the launch of the iPhone 4S, Apple marketed the iPhone 4S nationwide in a

21  video stating, "How do you improve on something so extraordinary?"  The answer: "now we're

22  introducing Siri."

23         36.     As part of its nationwide marketing campaign for the iPhone 4S, many of Apple's

24  video advertisements depict individuals using Siri to make appointments, find restaurants, send text

25  messages, learn guitar chords to classic rock songs and how to tie a tie.

26  _____

27  [2]      http://www.apple.com/pr/library/2011/10/04Apple-Launches-iPhone-4S-iOS-5-iCloud.html
    (last visited Feb. 27, 2012).

28

37.     For example, Apple's nationwide marketing blitz includes an advertisement entitled "Road Trip" that shows a couple asking Siri numerous questions while traveling to Santa Cruz, California, including "Where is the best barbeque in Kansas City?" "Is there a rodeo in Amarillo today?" and "How big is the Grand Canyon?"[3]   In response to the question, "[Are there] any gas stations we can walk to?" Siri immediately answers, "I found two gas stations fairly close to you," and the name and star rating of two gas stations show up on the user's iPhone 4S screen.  Similarly, when asked "What does Orion look like?" Siri responds with a map of the Orion constellation and states, "I found this for you."

38.     Likewise, in the television advertisement broadcast nationwide entitled "Rock God," a guitar player asks Siri numerous questions including, "How do I play London Calling?" and "[How do I play] Whole Lotta Love?"[4]   In response to the question "[How do I play] a B Minor Ninth?" Siri responds with the proper notes, chord and sheet music:



---

[3]     Apple Inc., "TV Ads," http://www.apple.com/iphone/videos/#tv-ads-rockgod (last visited Feb. 27, 2012).

[4]     Apple Inc., "TV Ads," http://www.apple.com/iphone/videos/#tv-ads-roadtrip (last visited Feb. 27, 2012).

39.     Moreover, when asked to "Tell Julie and Kate our band is playing at the garage tonight," Siri responds, "Here is your message to Julie and Kate," and immediately formulates the below message on the user's iPhone 4S screen:[5]



40.     According to Apple's website, four out of the seven most recent iPhone 4S television advertisements focus solely on Siri.[6]

41.     Apple's website also touts Siri as a major selling point.  For example, the "iPhone" tab on Apple's website brings you to welcome screen stating:[7]

Introducing Siri.

The intelligent assistant
that's there to help. Just ask.

Ask Siri to make calls, send texts, set reminders, and more. Just talk the way you talk.  Siri understands what you say and knows what you mean.

---

[5]     *Id.*

[6]     http://www.apple.com/iphone/videos/#tv-ads-roadtrip (last visited Feb. 28, 2012).

[7]     http://www.apple.com/iphone/ (last visited Feb. 27, 2012).

1        42.     The website also contains a link to a video entitled "Watch the IPhone 4S Video,"

2 which introduces the iPhone 4S and its new features.[8]  The iPhone 4S Video depicts multiple

3 demonstrations involving Siri and its capabilities.  For instance, in response to the request, "Find me

4 an Italian restaurant in North Beach," Siri answers, "OK these 25 Italian restaurants are in North

5 Beach" as the iPhone 4S user screen shows the name and star rating of 25 Italian restaurants located

6 in North Beach.  The iPhone 4S Video next shows a man jogging and asking Siri to "Move my

7 meeting with Kelly Altech to 12:00 p.m."  Siri responds, "Note that you already have a meeting

8 about budgets at 12 p.m."

9        43.     Also during the iPhone 4S Video, Scott Forstall, Senior Vice President iOS Software,

10 further comments on Siri, stating: "It's like this amazing assistant that listens to you, understands

11 you, can answer your questions and can even accomplish tasks for you. . . .  A lot of devices can

12 recognize the words you say, but the ability to understand what you mean and act on it, that's the

13 breakthrough with Siri."

14        44.     On January 25, 2012, Apple issued its financial results for its fiscal 2012 first quarter

15 ending December 31, 2011 and reported selling approximately 37 million iPhones for the quarter.

16 According to an iPhone blog, approximately 89% of the 37 million iPhones sold that quarter were

17 iPhone 4Ss.[9]  In addition, the blog estimated that approximately 42% of current iPhone 4S users

18 cancelled their contracts with other carriers in order to purchase the iPhone 4S.[10] Indeed, a Consumer

19 Intelligence Research poll of 6,316,365 iPhone users found that from October 2011 through the end

20 of 2011, 36% of iPhone 4S users had switched from a different platform.[11]

21

22 _____

23 [8]      Apple Inc., "Watch the iPhone 4S video," http://www.apple.com/iphone (last visited Feb. 27, 2012).

24 [9]      http://www.theiphoneblog.net/iphone-4s-contributed-89-of-total-us-iphone-sales/    (last

25 visited Feb. 27, 2012).

26 [10]     *Id.*

27 [11]     http://www.phonearena.com/news/Breaking-down-Apple-iPhone-4S-buyers-with-statistics_id26184 (last visited Feb. 27, 2012).

28

1 **Defendant Knew that Siri Did Not Perform as Advertised**

2　　45.　Upon information and belief, Plaintiffs' problems with Siri are not unique, have

3 always been present in the iPhone 4S and continually occur.  In fact, the *Huffington Post* published

4 an article entitled "Apple's Siri 'Rock God' Commercial: How Accurate Is It, Really?", which was

5 accompanied by a video entitled "A Scientific Ex-Siri-Ment" showing *Huffington Post* blogger,

6 Jason Gilbert, repeating every voice command prompt in Apple's "Rock God" commercial word for

7 word.[12]

8　　46.　The video depicts Siri responding to only two of seven prompts in the "Rock God"

9 commercial on the first try as it did in the advertisements, including one response that came after an

10 extreme time lag.  Moreover, in response to the "Tell Julie and Kate our band is playing at the garage

11 tonight," Siri responded with "Are band is playing at the garage tonight"—using "Are" instead of

12 "Our."

13　　47.　In addition to the fact that Siri does not perform as advertised, recent reports have

14 shown that continuous Siri usage dramatically increases an iPhone 4S users' monthly data usage and

15 can easily push users over their data plans.[13]

16　　48.　Apple had actual or constructive knowledge of the shortcomings of the iPhone 4S's

17 Siri feature prior to its distribution.  Indeed, buried in Apple's website is the amorphous sentence:

18 "Siri is currently in beta and we'll continue to improve it over time."[14]

19　　49.　To the detriment of consumers, however, the bulk of Apple's massive marketing and

20 advertising campaign, including its dominant and expansive television advertisements, fail to

21 mention the word "beta" and the fact that Siri is, at best, a work-in-progress.

22

23 _____

24 [12]　http://www.huffingtonpost.com/jason-gilbert/apples-siri-rock-god-commercial-accuracy-test_b_1341769.html (last visited April 3, 2012).

25 [13]　Jacqui Cheng, *Siri, how much data do you gobble up in a month?* Ars Technica,
26 http://arstechnica.com/apple/news/2011/11/how-data-heavy-is-siri-on-an-iphone-4s-ars-investigates.ars (last visited Mar. 6, 2012).

27 [14]　http://www.apple.com/iphone/features/siri-faq.html (last visited Feb. 27, 2012).

28

1    50.    Indeed, it is only through following a series of links within Apple's website,

2  including a footnote at the bottom of a page,[15] that one would learn that Siri is only a work-in-

3  progress.[16]

4    51.    Similarly, Apple never disclosed that the Siri transactions depicted in its television

5  commercials are fiction and that actual consumers using actual iPhone 4Ss cannot reasonably expect

6  Siri to perform the tasks performed in Apple's commercials. Instead, Apple chose to show

7  consumers advertisements where Siri acts without complications, rather than how Siri actually

8  performs.

9    52.    The information withheld from Plaintiffs and the other Class members is material and

10  would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all

11  as more detailed herein.

12    53.    In March 2012, Apple released a software update designed to address numerous

13  software issues.  Plaintiffs Balassone and Swartzman updated their software, but the update did not

14  in any way improve Siri's functionality.[17]

15                              **CLASS ACTION ALLEGATIONS**

16    54.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil

17  Procedure 23(a) and 23(b) on behalf of themselves and all others similarly situated as members of

18  the following Class:

19    All persons in the United States who purchased, for use and not resale, an Apple iPhone 4S

20  (the "Class"). Specifically excluded from the proposed Class are Defendant and its officers,

21  directors, agents, trustees, parents, corporations, trusts, representatives, employees, principals,

22  partners, joint ventures and entities controlled by Defendant; its heirs, successors, assigns or other

23

24

25  [15]    *See* n.1, http://www.apple.com/iphone/features/#siri (last visited Feb. 27, 2012).

26  [16]    http://www.apple.com/iphone/features/siri-faq.html (last visited Feb. 27, 2012).

27  [17]    The update did add languages understood by Siri but did not address Siri's overall
   deficiencies.

28

1   persons or entities related to or affiliated with Defendant; the Judge assigned to this action; and any
2   member of the Judge's immediate family.

3        55.   Subject to additional information obtained through further investigation and
4   discovery, the foregoing definition of the Class may be expanded or narrowed by amendment,
5   amended complaint or at class certification proceedings.

6        56.   **Numerosity**.  The members of the Class are so numerous that their individual joinder
7   is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that the Class contains
8   millions of members.  The precise number of Class members is unknown to Plaintiffs.  The true
9   number of Class members is known by Defendant, however, and, thus, may be notified of the
10  pendency of this action by first class mail, electronic mail and by published notice.

11       57.   **Existence and Predominance of Common Questions of Law and Fact**.  Common
12  questions of law and fact exist as to all members of the Class and predominate over any questions
13  affecting only individual Class members.  These common legal and factual questions include, but are
14  not limited to, the following:

15            (a)   Whether Siri works as advertised;

16            (b)   Whether Defendant knew that its representations about Siri were false and
17  misleading but continued to disseminate them;

18            (c)   Whether Defendant's claims are false, misleading or reasonably likely to
19  deceive;

20            (d)   Whether Defendant engaged in false or deceptive advertising;

21            (e)   Whether Defendant violated the California Act;

22            (f)   Whether Defendant violated California's False and Misleading Advertising
23  Law;

24            (g)   Whether Defendant violated the UCL;

25            (h)   Whether Defendant violated the MMWA;

26            (i)   Whether Defendant breached any express warranty to Plaintiffs and the other
27  Class members;

28

1    (j)    Whether Defendant breached any implied warranty of merchantability to

2    Plaintiffs and the other Class members;

3    (k)    Whether Defendant intentionally misrepresented material facts relating to the

4    character and quality of the iPhone 4S's Siri feature;

5    (l)    Whether Defendant negligently misrepresented material facts relating to the

6    character and quality of the iPhone 4S's Siri feature;

7    (m)    Whether Defendant was unjustly enriched from its conduct as alleged herein;

8    (n)    Whether Defendant failed to disclose material facts about the limitations of

9    the performance of the iPhone 4S's Siri feature;

10    (o)    Whether Plaintiffs and the other Class members have sustained monetary loss

11    and the proper measure of that loss;

12    (p)    Whether Plaintiffs and the other Class members are entitled to damages and

13    the proper measure of damages; and

14    (q)    Whether Plaintiffs and the other Class members are entitled to declaratory and

15    injunctive relief.

16    58.    **Typicality**.  Plaintiffs' claims are typical of the claims of the members of the Class in

17    that Defendant manufactured, marketed, advertised, sold and warranted the iPhone 4S, including its

18    Siri features, to Plaintiffs and all other members of the Class.

19    59.    **Adequacy of Representation**.  Plaintiffs will fairly and adequately protect the

20    interests of the Class.  Plaintiffs have retained counsel highly experienced in complex consumer

21    class action litigation, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs have no

22    adverse or antagonistic interests to those of the Class.

23    60.    **Superiority.**  A class action is superior to all other available means for the fair and

24    efficient adjudication of this controversy.  The damages or other financial detriment suffered by

25    individual Class members is relatively small compared to the burden and expense that would be

26    entailed by individual litigation of their claims against Defendant.  It would thus be virtually

27    impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done

28    to them.  Furthermore, even if Class members could afford such individualized litigation, the court

1   system could not.  Individualized litigation would create the danger of inconsistent or contradictory

2   judgments arising from the same set of facts.  Individualized litigation would also increase the delay

3   and expense to all parties and the court system from the issues raised by this action.  By contrast, the

4   class action device provides the benefits of adjudication of these issues in a single proceeding,

5   economies of scale, and comprehensive supervision by a single court, and presents no unusual

6   management difficulties under the circumstances here.

7          61.    In the alternative, the Class may be also certified because:

8                 (a)    the prosecution of separate actions by individual Class members would create

9   a risk of inconsistent or varying adjudication with respect to individual Class members that would

10  establish incompatible standards of conduct for Defendant;

11                (b)    the prosecution of separate actions by individual Class members would create

12  a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

13  interests of other Class members not parties to the adjudications, or substantially impair or impede

14  their ability to protect their interests; and/or

15                (c)    Defendant has acted or refused to act on grounds generally applicable to the

16  Class thereby making appropriate final declaratory and/or injunctive relief with respect to the

17  members of the Class as a whole.

18         62.    Certification of the case as a class action under the laws of California is appropriate

19  because:

20                (a)    Apple is a corporation conducting substantial business in and from California;

21                (b)    Apple's principal and executive offices, as well as its corporate headquarters,

22  are located in California, where it employs hundreds of people;

23                (c)    Defendant promotes, markets, distributes and sells iPhone 4Ss in and from

24  California;

25                (d)    Decisions regarding Apple's advertising and sale of the product were made in

26  California;

27                (e)    Apple's marketing, promotional activities and literature are coordinated at,

28  emanate from, and/or are developed at its California headquarters;

1         (f)    The UCL and other claims asserted in this Complaint on behalf of the Class

2  may be appropriately brought on behalf of California and out-of-state Class members;

3         (g)    A significant number of members of the Class reside in the State of California;

4         (h)    According to Apple's Software License Agreement governing the iPhone 4S

5  (the "License"), "the License will be governed by, and construed in accordance with the laws of the

6  State of California, excluding its conflict of law principles;"[18] and

7         (i)    Various other agreements governing the relationship between Apple and the

8  Class similarly state that California law applies.

9      63.    The claims asserted herein are applicable to all persons throughout the United States

10  who purchased, for use and not resale, the iPhone 4S.

11      64.    Adequate notice can be given to Class members directly using information

12  maintained in Defendant's records or through notice by publication.

13      65.    Damages may be calculated from the claims data maintained in Defendant's records,

14  so that the cost of administering a recovery for the Class can be minimized.  However, the precise

15  amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class

16  certification.

17  **COUNT I**

18  **Violations of the Consumers Legal Remedies Act**

19  **California Civil Code §1750 *et seq*.**

20      66.    Plaintiffs reallege and incorporate by reference the previous allegations as if fully set

21  forth herein.

22

23

24

---

25  [18]    The California choice of law provision language is stated in Apple's iOS 5.1 Software

26  License Agreement, iOS 5.0 Software License Agreement, iOS 4.1 Software License Agreement and the iPhone OS 3.1 Software License Agreement.  *See* http://www.apple.com/legal/sla/ (last visited

27  April 5, 2012).  In addition, both the iOS 5.1 Software License Agreement and iOS 5.0 Software License Agreement specifically mention Siri.  *Id.*

28

1    67.    This cause of action is brought pursuant to the California Act.  Plaintiffs and the other

2  Class members are consumers as defined by California Civil Code §1761(d).  The product is a good

3  within the meaning of the California Act.

4    68.    Defendant violated and continues to violate the California Act by engaging in the

5  following practices proscribed by California Civil Code §1770(a) in transactions that were intended

6  to result in, and did result in, the sale of the product:

7        (a)    Representing that the iPhone 4S has characteristics and benefits which it does

8  not have;

9        (b)    Representing that the iPhone 4S is of a particular standard, quality or grade,

10  which it is not;

11        (c)    Advertising the iPhone 4S with intent not to sell it as advertised; and

12        (d)    Representing that the iPhone 4S has been supplied in accordance with

13  previous representations when it has not.

14    69.    Defendant knew, or should have known, that its representations and advertisements

15  regarding the iPhone 4S were false and misleading.

16    70.    Defendant's conduct is malicious, fraudulent and wanton, and provides misleading

17  information.

18    71.    Pursuant to California Civil Code §1782(d), Plaintiffs seek a Court Order enjoining

19  the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

20    72.    Pursuant to California Civil Code §1782, notice to Defendant was satisfied when, on

21  March 6, 2012, Plaintiff Fazio sent a notice letter by certified mail to Defendant's Chief Executive

22  Officer, Timothy Cook.  Plaintiff Fazio sent Apple a letter advising Apple that it was in violation of

23  the California Act and must correct, repair, replace or otherwise rectify the goods alleged to be in

24  violation of California Civil Code §1770.  Apple was further advised that in the event the relief

25  requested has not been provided within thirty (30) days, Plaintiff Fazio would seek monetary

26  damages pursuant to the California Act.

27

28

1    73.    Pursuant to California Civil Code §2012 and 28 U.S.C. §1746, Plaintiffs have each

2    prepared and attached a declaration stating facts showing this action has been commenced in a court

3    described as a proper place for the trial of the action.  *See* Composite Exhibit A.

4    74.    Defendant has failed to rectify or agree to rectify the problems associated with the

5    actions detailed above or give notice to all affected consumers within 30 days of the date of written

6    notice pursuant to California Civil Code §1782.   As a result, Plaintiffs are seeking monetary

7    damages under the California Act.

8    75.    As a proximate result of Defendant's deceptive acts, Plaintiffs and the public,

9    including the Class, have been damaged.

10    76.    Plaintiffs also seek injunctive relief for the violation of the California Act.

11    77.    Plaintiffs seek attorney fees and costs as allowed by law.

**COUNT II**

**False and Misleading Advertising in Violation of**

**California Business & Professions Code §17500 *et seq.***

15    78.    Plaintiffs reallege and incorporate by reference the previous allegations as if fully set

16    forth herein.

17    79.    Defendant's acts and practices as described herein have deceived and/or are likely to

18    deceive members of the Class and the public.   Apple has spent millions of dollars to advertise,

19    including through its website on the Internet, to call attention to, or give publicity to Apple's iPhone

20    4S's improved features and functionality.  Apple uniformly advertises the iPhone 4S as "amazing,"

21    and "impressive," with images of Siri acting as an efficient and expeditious assistant.

22    80.    By its actions, Apple is disseminating uniform advertising concerning its products

23    and services that by its nature is unfair, deceptive, untrue or misleading within the meaning of

24    California Business & Professions Code §17500 *et seq.*  Such advertisements are likely to deceive,

25    and continue to deceive, the consuming public for the reasons detailed above.

26    81.    The above-described false, misleading and deceptive advertising Apple disseminated

27    continues to have a likelihood to deceive in that Apple has failed to disclose the true and actual

28    performance and functionality of the iPhone 4S's Siri feature.  Apple has failed to instigate a public

1   information campaign to alert consumers of the deficiencies in the iPhone 4S's Siri feature, which

2   continues to create a misleading perception of the iPhone 4S's performance.

3        82.     In making and disseminating the statements alleged herein, Apple knew or should

4   have known its advertisements were untrue and misleading in violation of California Business &

5   Professions Code §17500 *et seq.*  Plaintiffs and the other Class members based their decisions to

6   purchase the iPhone 4S in substantial part on Defendant's misrepresentations and omitted material

7   facts.   The revenues to Apple attributable to products sold in those false and misleading

8   advertisements amount to millions of dollars for the iPhone 4S.  Plaintiffs and the Class were injured

9   in fact and lost money or property as a result.

10       83.     The misrepresentations and non-disclosures by Apple of the material facts detailed

11  above constitute false and misleading advertising and, therefore, constitute a violation of California

12  Business & Professions Code §17500 *et seq.*

13       84.     As a result of Apple's wrongful conduct, Plaintiffs and the Class request that this

14  Court enjoin Apple from continuing to violate California Business & Professions Code §17500 *et*

15  *seq.* Such conduct is ongoing and continues to this date.   Plaintiffs and the Class are therefore

16  entitled to the relief described below as appropriate for this Cause of Action.

17                                    **COUNT III**

18                  **Violation of California's Unfair Competition Law**

19              **California Business and Professions Code §17200 *et seq.***

20       85.     Plaintiffs reallege and incorporate by reference the previous allegations as if fully set

21  forth herein.

22       86.     The UCL prohibits any "unlawful . . . business act or practice."  Defendant violated

23  the UCL's prohibition against engaging in unlawful acts and practices by, *inter alia*, engaging in

24  false and misleading advertising and omitting material facts, as set forth more fully herein; and

25  violating California Civil Code §§1572-1573, 1709-1711 and 1770, and the common law.

26       87.     Plaintiffs reserve the right to allege other violations of law, which constitute other

27  unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

28       88.     The UCL also prohibits any "unfair or fraudulent business act or practice."

89.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

90.     As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws in California resulting in harm to consumers.  Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  The conduct constitutes violations of the unfair prong of the UCL.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

91.     Defendant's claims, non-disclosures and misleading statements, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of the UCL.

92.     Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members.  Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's unfair conduct.

93.     Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices in false advertising, entitling Plaintiffs and the other Class members to judgment and equitable relief against Defendant as set forth in the Prayer for Relief.

94.     Additionally, pursuant to California Business & Professions Code §17203, Plaintiffs seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective marketing campaign.

### COUNT IV

### Violations of the Magnuson-Moss Warranty Act

### 15 U.S.C. §2301 *et seq.*

95.     Plaintiffs and Class members are "consumers" within the meaning of the MMWA.

96.     Defendant is a "supplier" and "warrantor" within the meaning of the MMWA.

1    97.    The iPhone 4S is a "consumer product" within the meaning of the MMWA.

2    98.    Defendant's written affirmations of fact, promises and/or descriptions as alleged

3    herein are each a "written warranty" as to the iPhone 4S's Siri feature and its ability to perform as a

4    consistent intelligent verbal assistant and/or there exists an implied warranty for the sale of such

5    product within the meaning of the MMWA.

6    99.    For the reasons detailed above, Defendant breached these express and implied

7    warranties, as the iPhone 4S does not perform as Defendant represented or was not fit for its

8    intended use.  Defendant has refused to remedy such breaches and its conduct caused damages to

9    Plaintiffs and members of the Class.

10    100.    The amount in controversy meets or exceeds the sum or value of $50,000 (exclusive

11    of interest and costs) computed on the basis of all claims to be determined in this suit.

12    101.    Resorting to any informal dispute settlement procedure and/or affording Defendant

13    another opportunity to cure these breaches of warranties is unnecessary and/or futile.  Any remedies

14    available through any informal dispute settlement procedure would be inadequate under the

15    circumstances, as Defendant has failed to remedy the problems associated with the iPhone 4S's Siri

16    feature and, as such, indicated they have no desire to participate in such a process at this time.  Any

17    requirement under the MMWA or otherwise that Plaintiffs resort to any informal dispute settlement

18    procedure and/or afford Defendant a reasonable opportunity to cure the breach of warranties

19    described above is excused and/or has been satisfied.

20    102.    As a result of Defendant's breaches of warranty, Plaintiffs and the other Class

21    members have sustained damages and other losses in an amount to be determined at trial.  Plaintiffs

22    and the other Class members are entitled to recover damages, specific performance, costs, attorneys'

23    fees, rescission and/or other relief as is deemed appropriate.

24    **COUNT V**

25    **Breach of Express Warranty**

26    103.    Plaintiffs reallege and incorporate by reference the previous allegations as if fully set

27    forth herein.

28

CONSOLIDATED CLASS ACTION COMPLAINT - 4:12-cv-01127-CW

1      104.    Plaintiffs and the other members of the Class formed a contract with Defendant at the

2  time Plaintiffs and the other Class members purchased Defendant's iPhone 4S.  The terms of the

3  contract include the promises and affirmations of fact and express warranties made by Defendant on

4  its website and through its marketing and advertising campaign that the iPhone 4S's Siri feature

5  performs as advertised, as described above.

6      105.    This marketing and advertising constitutes express warranties, became part of the

7  basis of the bargain, and are part of a standardized contract between Plaintiffs and the other members

8  of the Class on the one hand and Defendant on the other.

9      106.    Plaintiffs and the other members of the Class were exposed to these statements and

10  reasonably relied upon such the promises and affirmations of fact contained in Apple's marketing

11  campaign.

12      107.    These warranties were not true, as Siri does not perform as advertised, as described

13  above.

14      108.    Defendant breached the terms of this contract, including the express warranties, with

15  Plaintiffs and the other members of the Class by not providing the products as advertised and

16  described above.

17      109.    As a result of Defendant's breach of its contract and express warranties, Plaintiffs and

18  the Class have been damaged in the amount of the purchase price of Defendant's product.

19      110.    All conditions precedent to Defendant's liability under this express contract,

20  including notice, as described above, have been performed by Plaintiffs and the Class.

21                              **COUNT VI**

22                  **Breach of Implied Warranty of Merchantability**

23      111.    Plaintiffs incorporate by reference each and every preceding paragraph as though

24  fully set forth herein.

25      112.    Plaintiffs and the other Class members purchased the iPhone 4S and used it for the

26  ordinary and intended purpose of using the Siri intelligent assistant feature to send messages,

27  schedule appointments, seek information and directions and to learn new tasks.  Plaintiffs and the

28

1    Class entered into agreements with Apple or its agents and received uniform warranties in

2    connection with the purchase of such phones.

3         113.    The iPhone 4S cannot perform its ordinary and represented purpose of using the Siri

4    intelligent assistant feature to send messages, schedule appointments, seek information and

5    directions and to learn new tasks, because the Siri feature does not understand user commands and

6    perform tasks as advertised.

7         114.    When Defendant placed the iPhone 4S into the stream of commerce, they knew,

8    reasonably should have known, or were obligated to understand that the intended and ordinary

9    purpose of the iPhone 4S's Siri feature was to provide a consistent intelligent verbal assistant.

10        115.    Plaintiffs and the Class purchased the iPhone 4S with the reasonable expectation that

11   they would receive a consistent intelligent verbal assistant.   The advertisements Defendant

12   disseminated constitute a warranty that the products would operate as advertised during their useful

13   life, upon which Plaintiffs and the Class reasonably acted.

14        116.    The iPhone 4S is not fit for its warranted, advertised, ordinary and intended purpose

15   of being a consistent intelligent verbal assistant, including but not limited to, being fit to send

16   messages, schedule appointments and teach new tasks.  Siri's failure to be a consistent intelligent

17   verbal assistant has manifested for Plaintiffs and the other Class members, as Siri does not

18   consistently understand commands and act upon those commands.

19        117.    Plaintiffs have given notice to Defendant of this breach by virtue of the filing of a

20   lawsuit, which demands have been ignored or rejected.

21        118.    Defendant's breach of the warranty described above also constitutes a violation of

22   California Civil Code §1792 *et seq.*

23                                **COUNT VII**

24                         **Intentional Misrepresentation**

25        119.    Plaintiffs reallege and incorporate by reference the previous allegations as if fully set

26   forth herein.

27        120.    At all relevant times, Defendant was engaged in the business of designing,

28   manufacturing, marketing, distributing or selling the iPhone 4S.

121.   Defendant, acting through its officers, agent, servants, representatives or employees, delivered the iPhone 4S to its own retail stores, distributors and various other distribution channels.

122.   Defendant willfully, falsely and knowingly misrepresented various material facts regarding the quality and character of the iPhone 4S's Siri feature.  These misrepresentations are contained in various advertising and marketing disseminated or caused to be disseminated by Defendant, and such misrepresentations were further reiterated and disseminated by Defendant's officers, agents, representatives, servants or employees acting within the scope of their authority, so employed by Defendant to merchandise and market the iPhone 4S.  Specifically, Apple's television commercials showed Siri performing a variety of functions and tasks that Siri is incapable of performing in the manner advertised.

123.   Defendant's representations were made with the intent that the general public, including Plaintiffs and the other Class members, rely upon them.  Defendant's representations were made with knowledge of the falsity of such statements or in reckless disregard of the truth thereof. If Plaintiffs and the Class had been aware of these suppressed facts, Plaintiffs and the Class would not have purchased the iPhone 4S at the price sold by Defendant.   In reliance upon these misrepresentations, Plaintiffs purchased the iPhone 4S for use of Siri as described in Defendant's advertising.

124.   Upon information and belief, Plaintiffs and the Class allege that Defendant misrepresented material facts with the intent to defraud Plaintiffs and the Class.  The information withheld from Plaintiffs and the other Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all as more detailed herein.

125.   Plaintiffs purchased the iPhone 4S under the impression that the iPhone 4S's Siri feature functions as advertised, the direct and proximate results of which were injury and harm to Plaintiffs and the Class.

### COUNT VIII

### Negligent Misrepresentation

126.   Plaintiffs reallege and incorporate by reference the previous allegations as if fully set forth herein.

127.    Defendant negligently and recklessly misrepresented various material facts regarding the quality and character of the iPhone 4S's Siri feature, under circumstances where Defendant either knew or reasonably should have known that the representations were not true. These misrepresentations were contained in various advertising and marketing from Defendant, and such misrepresentations were further reiterated and disseminated by the officers, agents, representatives, servants or employees of Defendant acting within the scope of their authority.

128.    The information withheld from Plaintiffs and the other Class members is material and would have been considered by a reasonable person, as are the misrepresentations regarding Siri, all as more detailed herein.

129.    Plaintiffs and the Class purchased the iPhone 4S under the impression that the iPhone 4S's Siri feature functions as advertised, the direct and proximate results of which were injury and harm to Plaintiffs and the Class.

## COUNT IX

### Unjust Enrichment

130.    Plaintiffs reallege and incorporate by reference allegations 1-65 as if fully set forth herein.

131.    Defendant has benefited and been enriched by the above-alleged conduct. Defendant has collected fees and generated revenue from the unlawful conduct described above.

132.    Defendant has knowledge of this benefit.

133.    Defendant has voluntarily accepted and retained this benefit.

134.    The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiffs and the Class.

135.    Plaintiffs and the Class are entitled to the amount of Defendant's ill-gotten gains, including interest, resulting from their unlawful, unjust, unfair and inequitable conduct as alleged herein.

### PRAYER FOR RELIEF

1   WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for

2   relief and judgment against Defendant as follows:

3   A.   Certification of this action as a class action and appointment of Plaintiffs as Class

4   Representatives;

5   B.   An order declaring the actions complained of herein to be in violation of the statutory

6   laws set forth above, including a preliminary injunction enjoining Defendant from further acts in

7   violation of the California Act, the UCL and the California False and Misleading Advertising Law

8   pending the outcome of this action;

9   C.   An order enjoining and restraining Defendant from any further acts in violation of the

10   California Act, the UCL, the California False and Misleading Advertising Law and the MMWA as

11   set forth above;

12   D.   An award of compensatory damages, statutory damages, restitution and all other

13   forms of monetary and non-monetary relief recoverable under California law;

14   E.   An award of pre-judgment and post-judgment interest;

15   F.   An award of injunctive relief;

16   G.   An award of costs, including, but not limited to, discretionary costs, attorneys' fees

17   and expenses incurred in prosecuting this case; and

18   H.   Grant such other and further relief as the Court deems just and proper.

19   **JURY DEMAND**

20   Plaintiffs hereby demand a jury trial on all issues so triable.

21   DATED:  April 10, 2012                    ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
22                                              SHAWN A. WILLIAMS

23

24                                        _____s/ Shawn A. Williams_____
                                                   SHAWN A. WILLIAMS
25
                                               Post Montgomery Center
26                                             One Montgomery Street, Suite 1800
                                               San Francisco, CA  94104
27                                             Telephone:  415/288-4545
                                               415/288-4534 (fax)
28

1

2   ROBBINS GELLER RUDMAN
        & DOWD LLP
3   PAUL J. GELLER
    STUART A. DAVIDSON
4   MARK J. DEARMAN
    KATHLEEN L. BARBER
5   120 East Palmetto Park Road, Suite 500
    Boca Raton, FL  33432
6   Telephone:  561/750-3000
    561/750-3364 (fax)

7   ROBBINS GELLER RUDMAN
        & DOWD LLP
8   ROBERT M. ROTHMAN
    58 South Service Road, Suite 200
9   Melville, NY  11747
    Telephone: 631/367-7100
10  631/367-1173 (fax)

11  BARNOW AND ASSOCIATES, P.C.
    BEN BARNOW
12  ERICH P. SCHORK
    One North LaSalle Street, Suite 4600
13  Chicago, IL  60602
    Telephone:  312/621-2000
14  312/641-5504 (fax)

15

16  GARDY & NOTIS, LLP
    JAMES S. NOTIS
17  JENNIFER SARNELLI
    501 Fifth Avenue, Suite 1408
18  New York, NY 10017
    Telephone:  212/905-0509
19  212/905-0508 (fax)

20  GARDY & NOTIS, LLP
    CHARLES A. GERMERSHAUSEN
21  560 Sylvan Avenue, Suite 3085
    Englewood Cliffs, NJ 07632
22  Telephone:  201/567-7377
    201/567-7337 (fax)

23  Co-Lead Counsel for Plaintiffs

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on April 10, 2012, I authorized the electronic filing of the foregoing with

3 the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4 e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on April 10, 2012.

9

10                                         s/ Shawn A. Williams
                                          SHAWN A. WILLIAMS

11                                         ROBBINS GELLER RUDMAN
12                                              & DOWD LLP
                                           Post Montgomery Center
13                                         One Montgomery Street, Suite 1800
                                           San Francisco, CA  94104
14                                         Telephone:  415/288-4545
                                           415/288-4534 (fax)
15                                         E-mail: shawnw@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 4:12-cv-01127-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Martin Stuart Bakst**
  msb@mbakst.com

- **Mark Jeffrey Dearman**
  mdearman@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com

- **Charles A Germershausen**
  cgermershausen@gardylaw.com

- **Benjamin Matthew Glickman**
  bglickman@gibsondunn.com,mmccrory@gibsondunn.com

- **Gail E. Lees**
  glees@gibsondunn.com,jwalker@gibsondunn.com,wlamb@gibsondunn.com,jjessen@gibsondunn.com

- **James S. Notis**
  jnotis@gardylaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Jennifer Sarnelli**
  jsarnelli@gardylaw.com

- **Erich Paul Schork**
  e.schork@barnowlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,nnewton@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Kathleen        L. Barber
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

Ben             Barnow
Barnow and Associates P.C.
One N. LaSalle Street
Suite 4600
Chicago, IL 60602

Stuart          A. Davidson
Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809

Matthew         S. Kahn
Gibson Dunn and Crutcher
555 Mission Street, Suite 3000
San Francisco, CA 94105
```