**FARUQI & FARUQI, LLP**
DAVID E. BOWER (119546)
CHRISTOPHER B. HAYES (277000)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email:  dbower@faruqilaw.com
         chayes@faruqilaw.com

*Attorneys for Plaintiff David Jones*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: IPHONE 4S CONSUMER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 4:12-cv-01127-CW_____<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF JONES' SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLE INC'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Claudia Wilken<br>Time:  2:00 p.m. _____<br>Date: _August 2, 2012___<br>Ctrm.:  2, 4th Floor ____ |

Pursuant to this Court's Order dated May 31, 2012, Plaintiff David Jones submits this Supplemental Brief in Support of Plaintiffs' Opposition to Apple, Inc.'s ("Apple" or "Defendant") Motion to Dismiss (the "Motion"). In accordance with the Court's instructions, Plaintiff Jones does not repeat the arguments set forth in Plaintiff's Opposition to Apple Inc's Motion to Dismiss previously filed by Plaintiffs[1] (the "Opposition") herein and hereby incorporates by reference the arguments set forth therein.[2]

## I. INTRODUCTION

Rather than challenge the allegations of the Complaint, (1) Apple has chosen to selectively apply the law that appears in its choice of law clause in the iPhone 4S license agreement, (2) Apple has failed to establish that Plaintiffs' claims are mere "puffery", and (3) Apple is unable to support its affirmative defense of disclaimer of implied warranties at the pleading stage. Furthermore, Apple has chosen to re-write the Complaint through the submission of over 50 pages of evidence and links to 10 videos[3] in an effort to mischaracterize Plaintiffs' allegations to suit its ever changing purposes. In sum, Plaintiffs' arguments effectively establish that this Motion should be denied in its entirety.

## II. LEGAL ARGUMENT

### A. Apple Chose to Apply California Law to Plaintiff's Claims

Apple alternatively attributes Plaintiffs' claims solely to the Siri "software" when it suits their purposes, then states that Plaintiffs' claims relate instead to the iPhone 4s when this will allow them to avoid liability. First, Defendant seeks to avoid all liability under the California consumer

---

[1] "Plaintiffs" includes Plaintiffs' Frank Fazio, Carlisa S. Hamagaki, Daniel M. Balassone, Benjamin Swartzman and David Jones.

[2] At all times emphasis is added unless otherwise indicated and references to the Consolidated Amended Complaint ("Complaint") are reflected by "¶".

[3] Apple cites to evidentiary materials outside the Complaint no less than 23 times in order to re-write the Complaint and assert its own affirmative defenses. In furtherance of this effort, Defendant cites to *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) to justify this extensive reliance upon such extraneous matters, rather than engaging in a plain reading of the Complaint. However, *Knievel* does not support such a wholesale disregard of the allegations of the complaint, but rather, in an action for defamation the Ninth Circuit recognized that matters not attached to the Complaint or incorporated by reference could be examined to determine the "context of the media in which it appears." *Id.* Apple, however, goes far beyond "context" in its argument and uses the evidence outside the Complaint to rewrite and refute the allegations of the Complaint.

1

PLAINTIFF JONES' SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLE INC'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

laws by claiming that its own hand selected choice of laws clause applies only to the "the license agreement itself, not to unrelated claims on behalf of consumers like those alleged here," i.e., claims relating to the iPhone 4S. [4] Motion at 10, n.10.  Similarly, to avoid application of the California Consumer Legal Remedies Act, Apple argues that Plaintiffs' claims "relate exclusively to the Siri software—not to iPhone 4S itself." *Id.* at 20.  Then in an feeble attempt to avoid liability for breach of implied warranty, Apple argues that "iPhone 4S is much more than Siri."

Plaintiffs each purchased an iPhone 4S for the functionality represented and promised through Apple's extensive advertising campaign, regardless of whether this was a function of the hardware, the software or a cloud computing system.[5]  Apple cannot now speak out of both sides of its mouth.  It cannot choose to characterize Plaintiffs' claims as relating solely to Siri while at the same time attempting to escape liability under its own choice of law clause for the sale of goods or services since Siri is mere software, then claim the Company did not breach implied warranties.

### B. The Misrepresentations Set Forth in the Complaints Are Not Mere Puffery

Despite the claims of Defendant, the misrepresentations regarding Siri and the iPhone 4S are not mere puffery.  Defendant's own authorities recognize that:

> [w]hile product superiority claims that are vague or highly subjective often amount to nonactionable puffery, [*Cook, Perkiss & Liehe*, 911 F.2d at 246 (9th Cir. Cal. 1990)] "misdescriptions of specific or absolute characteristics of a product are actionable." *Id.* (citation omitted). A specific and measurable advertisement claim of product superiority based on product testing is not puffery. *See Castrol*, 987 F.2d at 946; *see also W.L. Gore & Assocs., Inc. v. Totes Inc.*, 788 F. Supp. 800, 809 (D. Del. 1992) (numerical comparison that product is seven times more breathable "***gives the impression that the claim is based upon independent testing***" and "is not a claim of general superiority or mere puffing").

---

[4] As explained more thoroughly in the Opposition, Apple chose to insert the choice of laws clause not only in the Siri license agreement, but in the terms and conditions throughout the company's website promoting the iPhone 4S.  Opposition at 6, n.4.

[5] In other contexts, Apple relies extensively on the recent Ninth Circuit case of *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  In that case, certification of a nationwide class was overturned in part because Honda's misrepresentations did not involve one overarching factual issue arising from an "extensive and long-term [fraudulent] advertising campaign," as Apple engaged in with regards to the iPhone 4S, but from isolated marketing efforts consisting of "quite disparate information from various representatives of the defendant." *Id.* at 596 (quotations omitted).

2

PLAINTIFF JONES' SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLE INC'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997); *see also Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) ("misdescriptions of specific or absolute characteristics of a product are actionable.")(quotation omitted).  As detailed in the Complaint, Apple not only provided a specific or absolute description of the functionality of the iPhone 4S with Siri, but also provided concrete real life examples of the functionality that could not be replicated either by Plaintiffs or tech reviewers in the news media.  ¶¶25-26.  These concrete demonstrations rise far above mere puffery and are actionable.

Further, after combing the copious pages of evidence submitted with the Motion, Apple was able to locate four instances in which the company appended "beta" to its description of Siri.  Motion at 5.  From these isolated cryptic references Apple seems to argue that consumers should have known that the iPhone 4S would not provide the functionality promised in its vast advertising scheme.  Whatever the appellation chosen by Apple, consumers were purchasing an iPhone 4S in reliance on the level of functionality promised in Apple's advertising.

### C. **Apple Cannot Sustain the Burden of Proving Its Affirmative Defense of Disclaimer of Implied Warranties at the Pleading Stage**

Apple further claims it has disclaimed all implied warranties with respect to the iPhone 4S.  This, however, is an affirmative defense, requiring Apple to prove it provided a proper disclaimer to consumers before the purchase.  *See Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1159 (D. Or. 1989) (summary judgment denied on affirmative defense of disclaimer of warranty for failure to establish disclaimer was delivered to purchaser at the time of sale); *see also Hewlett-Packard Co. v. Intergraph Corp.*, Case No. C 03-2517 MJJ, 2004 U.S. Dist. LEXIS 17601, *10 (N.D. Cal. 2004)(party asserting such an affirmative defense has "burden of showing that the disclaimer applies to all of [Plaintiffs'] breach of implied warranty claims.").  In the instant case Apple presents no evidence stating that any such pre-sale representations were made, while at the same time disclaiming all express and implied warranties.  Therefore, Apple cannot establish this affirmative defense.  Furthermore, Apple inappropriately raises this potential defense on a motion to dismiss, which is inappropriate under Ninth Circuit case law.  *See Scott v. Kuhlmann*, 746 F.2d

1377, 1378 (9th Cir. 1984) (An affirmative defense is appropriate on a motion to dismiss only when it "raises no disputed issues of fact"). As pointed out in Plaintiffs' Opposition, however, at a minimum, a question of fact arises regarding whether the purported disclaimer was delivered to Plaintiffs' before their purchase. Opposition at 22. Therefore, this issue is inappropriate for adjudication at this time.

### D. Plaintiff Jones provided requisite Notice under the CLRA

A true and correct copy of Plaintiff David Jones' letter to Apple, Inc. dated March 23, 2012, sent in compliance with California civil code § 1782(a), is attached as Exhibit A to the declaration of David E. Bower submitted with this Supplemental Opposition Brief. This letter not only gave notice of defendant's breach but also requested that Apple remedy this situation on a class-wide basis. This fact is referenced in David Jones' complaint at paragraph 77.

### CONCLUSION

On the basis of the above argument and the accompanying Opposition, Defendant's Motion should be denied in its entirety.

Dated: June 13, 2012                                  **FARUQI & FARUQI, LLP**

                                                           By:   */s/David E. Bower*
                                                               David E. Bower

DAVID E. BOWER (119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
dbower@faruqilaw.com

*Attorneys for Plaintiff David Jones*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document *via* the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: June 13, 2012                     /s/ *David E. Bower*
                                          David E. Bower

## Mailing Information for a Case 4:12-cv-01127-CW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Martin Stuart Bakst**
  msb@mbakst.com

- **Ben Barnow**
  b.barnow@barnowlaw.com,b.barnow@barnowlaw.com

- **David Eldridge Bower**
  dbower@faruqilaw.com,ecf@faruqilaw.com,ecfca@faruqilaw.com

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark Dearman**
  mdearman@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Paul J. Geller**
  pgeller@rgrdlaw.com

- **Charles A Germershausen**
  cgermershausen@gardylaw.com

- **Benjamin Matthew Glickman**
  bglickman@gibsondunn.com,mmccrory@gibsondunn.com

- **Rachel Lynn Jensen**
  rachelj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gail E. Lees**
  glees@gibsondunn.com,jwalker@gibsondunn.com,wlamb@gibsondunn.com,jjessen@gibsondunn.com

- **James S. Notis**
  jnotis@gardylaw.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Jennifer Sarnelli**
  jsarnelli@gardylaw.com

- **Erich Paul Schork**
  e.schork@barnowlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,nnewton@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Kathleen          L. Barber
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

Matthew           S. Kahn
Gibson Dunn and Crutcher
555 Mission Street, Suite 3000
San Francisco, CA 94105
```