IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE IPHONE 4S CONSUMER LITIGATION,
_____/

No. C 12-1127 CW

ORDER DENYING MOTION TO CHANGE INTERIM LEAD CLASS COUNSEL STRUCTURE (Docket No. 50)

On March 29, 2012, the Court appointed the firms of Robbins, Geller, Rudman & Dowd, LLP, Barnow and Associates, P.C. and Gardy & Notis, LLP as interim co-lead class counsel. Docket No. 14. Faruqi & Faruqi, LLP (F&F), counsel for Plaintiff David Jones, now moves to modify the Court's Order and appoint it as co-lead class counsel, along with the three firms already serving in that role. Having considered the papers filed by the parties, the Court DENIES the motion.

Federal Rule of Civil Procedure 23(g)(3) states, "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23 requires that, when appointing counsel, the court consider the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Federal Rule of Civil Procedure Rule 23(g)(1)(A). "All other things being equal," if an attorney has performed the investigatory and analytical tasks necessary to draft the complaint, unless that attorney has merely copied a complaint from another action, "he or she is in a better position to represent the class fairly and adequately than attorneys who have not undertaken those tasks." 5 Moore's Federal Practice § 23.120[3][a] (citing Rule 23, advisory committee note of 2003). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Federal Rule of Civil Procedure Rule 23(g)(1)(B).

There is no dispute that F&F and the current co-lead class counsel all have experience in class actions and complex litigation, knowledge of the applicable law and adequate resources. However, the first factor favors the current co-lead class counsel. They filed the original complaints in the separate actions several weeks before F&F filed its complaint in the Jones case, during which time the first lawsuits received substantial national attention. A comparison of the complaints reveals that the Jones complaint contains strikingly similarly allegations to those in the original Fazio complaint. Contrary to F&F's characterization, the similarities are not limited to quotations from Defendant Apple, Inc.'s press releases and advertisements. The allegations are organized in almost identical manners, cite the same sources in the same order and use similar language outside of quotations. Cf. Fazio Compl. ¶ 32 ("In addition to the fact that Siri does not perform as advertised, recent reports have

2

shown that continuous Siri usage dramatically increases an iPhone 4S users' monthly data usage, and can easily push users over their data plans."), with Jones Compl. ¶ 25 ("In addition to the fact that the Siri Function does not function as advertised, a recent report has warned that continuous usage of the Siri Function dramatically increases an iPhone 4S users' monthly data usage, and can easily push users over the allotted data usage on their data plans.").

 F&F shows no deficiency with the current co-lead class counsel.  Thus, continuity of counsel, instead of changing counsel during the pendency of a potentially dispositive motion, serves the interest of providing proper representation for the putative class.  To the extent that F&F implies that the current co-lead class counsel sought to create the current structure purposefully to exclude F&F from participating in the prosecution of the action, the Court finds that F&F has offered no evidence to support any nefarious purpose.  The Court also notes that the co-lead class counsel filed their stipulation proposing the current structure before F&F initiated the Jones action.  Further, the current structure does provide for participation in the litigation of all Plaintiffs' counsel and not just those serving as co-lead class counsel.  Not all of Plaintiffs' attorneys need to serve as lead class counsel.  While the Court allowed the first three firms to serve in this capacity, instead of one or two of them, because they agreed to share the responsibilities, the Court declines to impose a more unmanageable and complicated administrative structure for class counsel in this relatively straightforward litigation.

3

Accordingly, the Court finds that maintenance of the current interim class counsel structure best provides proper representation of the interests of the putative class, and DENIES F&F's motion (Docket No. 50).

IT IS SO ORDERED.

Dated: July 5, 2012

CLAUDIA WILKEN
United States District Judge