GAIL E. LEES, SBN 90363
glees@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
BENJAMIN M. GLICKMAN, SBN 247907
bglickman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone:  415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re iPHONE 4S CONSUMER LITIGATION<br><br>This Document Relates To:<br><br>　　ALL ACTIONS. | Master File No. 4:12-cv-01127-CW<br><br>CLASS ACTION<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hearing Date:　August 2, 2012<br>Hearing Time:　2:00 p.m.<br>Location:　　　Courtroom 2, 4th Floor<br>Judge:　　　　The Honorable Claudia Wilken |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

   A. Out-Of-State Plaintiffs Lack Standing To Pursue UCL, FAL, And CLRA Claims ..................................................................................................................... 2

   B. Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Fail To Satisfy Rule 9(b) ................................................................................................................... 4

      1. Plaintiffs Do Not Allege Any Misrepresentation With Particularity ................ 5

      2. Plaintiffs Do Not Allege Reliance With Particularity ....................................... 7

   C. Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Each Fail To State A Claim Under Rule 12(b)(6) Because They Are Premised On A Selective Reading Of The Challenged Representations ............................................. 8

   D. Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Each Fail To State A Claim Under Rule 12(b)(6) Because They Rely On Non-Actionable Statements ............................................................................................................... 10

   E. Plaintiffs' Claims Fail Under Rule 12(b)(6) For Additional Reasons ..................... 11

      1. Plaintiffs Fail To State A Claim Under The UCL ............................................ 11

      2. Plaintiffs Fail To State A Claim Under The CLRA .......................................... 12

      3. Plaintiffs Fail To State A Claim For Breach Of Express Warranty ................. 13

      4. Plaintiffs Fail To State A Claim For Breach Of Implied Warranty ................. 13

      5. Plaintiffs' Failure To State A Claim For Breach Of Warranty Under State Law Necessarily Constitutes A Failure To State A Claim Under The Magnuson-Moss Warranty Act ................................................................. 15

      6. Plaintiffs Fail To State A Claim For Unjust Enrichment ................................ 15

III. CONCLUSION ................................................................................................................... 15

i

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Hylands, Inc.*,
   No. 12-CV-1150 DMG, 2012 WL 1656750 (C.D. Cal. May 2, 2012) .................................. 2, 3

*Baltazar v. Apple Inc.*,
   No. 10-CV-3231 JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ........................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 11

*Broam v. Bogan*,
   320 F.3d 1023 (9th Cir. 2003) ................................................................................................ 8

*Brodsky v. Yahoo! Inc.*,
   592 F. Supp. 2d 1192 (N.D. Cal. 2008) ............................................................................... 11

*Cafasso v. General Dynamics C4 Systems, Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ................................................................................................ 5

*Castagnola v. Hewlett-Packard Co.*,
   No. 11-CV-5772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) .................................. 10

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ......................................................................................................... 11

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .............................................................................................. 15

*Coastal Abstract Service, Inc. v. First American Title Insurance Co.*,
   173 F.3d 725 (9th Cir. 1999) ................................................................................................ 10

*Comerica Bank v. McDonald*,
   No. 06-CV-3735 RMW, 2006 WL 3365599 (N.D. Cal. Nov. 17, 2006) ................................ 4

*Donohue v. Apple Inc.*,
   No. 11-CV-5337 RMW, 2012 WL 1657119 (N.D. Cal. May 10, 2012) ............................ 3, 4

*Ferrington v. McAfee, Inc.*,
   No. 10-CV-1455 LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) .................................. 12

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ............................................................................................. 9, 10

*Herrington v. Johnson & Johnson Consumer Cos.*,
   No. 09-CV-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ............................... 4, 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................................... 4, 5, 7, 8

ii

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES *(continued)*

Page(s)

*Keegan v. American Honda Motor Co.*,
   No. 10-CV-9508 MMM, 2012 WL 2250040 (C.D. Cal. June 12, 2012) .................................. 2

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ................................................................................................ 9

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1138 (N.D. Cal. 2010) ................................................................................ 14

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1156 (N.D. Cal. 2011) ................................................................................ 14

*Lozano v. AT&T Wireless Services, Inc.*,
   504 F.3d 718 (9th Cir. 2007) ................................................................................................ 12

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................................................. 2, 3

*Morgan v. AT&T Wireless Services, Inc.*,
   177 Cal. App. 4th 1235 (2009) .............................................................................................. 6

*Provencio v. Armor Holdings, Inc.*,
   No. CV-F-07-0651 AWI-TAG, 2007 WL 2814650 (E.D. Cal. Sept. 25, 2007) ..................... 7

*Rosal v. First Federal Bank of California*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ................................................................................ 15

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ................................................................................ 13

*Ticketmaster LLC v. RMG Technologies*,
   No. 07-CV-2534 ABC, 2007 WL 2989504 (C.D. Cal. Oct. 12, 2007) .............................. 6, 7

*Wehlage v. EmpRes Healthcare, Inc.*,
   791 F. Supp. 2d 774 (N.D. Cal. 2011) ................................................................................... 4

**Statutes**

Cal. Civ. Code § 1793 .................................................................................................................. 14

**Other Authorities**

Video: Apple Special Event, October 4, 2011, *available at* http://www.apple.com/apple-
   events/october-2011 ............................................................................................................ 6, 9

Gibson, Dunn & Crutcher LLP

iii

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

## I. INTRODUCTION

Plaintiffs' Opposition to Apple's Motion to Dismiss confirms that this case is nothing more than an improper attempt to turn Plaintiffs' alleged personal grievances about a feature of an extremely successful product into a baseless nationwide class action alleging consumer fraud. Having provided only vague and generic allegations in the Complaint, Plaintiffs now offer only vague and generic responses to the Complaint's fatal defects identified in Apple's Motion. Plaintiffs "rebut" arguments Apple did not raise and all but ignore the arguments raised and authorities cited in the Motion. Most notably, Plaintiffs provide only a cursory response to controlling Ninth Circuit authority and directly relevant decisions by this Court that set forth the pleading requirements governing Plaintiffs' UCL, FAL, CLRA, and misrepresentation claims, and instead attempt to rely on superseded Circuit authority and inapposite decisions from other courts.

Plaintiffs' Opposition fails principally because it does not—and cannot—identify a single actionable false or misleading statement alleged with sufficient particularity to support their sweeping allegations that Apple engaged in a unified course of fraudulent conduct in its advertising and marketing of Siri. Instead, Plaintiffs resort to mischaracterizing their own Complaint, while ignoring the actual allegations it asserts. But simply stating that the Complaint provides a "detailed account" or "precisely allege[s]" certain facts does not make it so. Although Plaintiffs generally describe certain advertisements, they do not specify (as they must) which advertisements or marketing materials released by Apple at various times over a period of several months they purportedly saw, let alone when they saw them, what specifically was false about them, or that Plaintiffs somehow relied on them in deciding to purchase an iPhone 4S. Plaintiffs instead argue, incorrectly, that even such minimal specificity is not required where multiple advertisements are at issue, and they wrongly assert that the missing details regarding which advertisements they saw, found material, and relied upon, as well as when they saw them, are somehow within Apple's knowledge or control.

Perhaps recognizing the deficiencies of the Complaint, Plaintiffs' Opposition also impermissibly attempts to raise new facts and allegations to try to overcome Apple's Motion. For example, although the Complaint alleges that Apple "buried" Siri's beta status as part of an allegedly fraudulent scheme to deceive consumers and conceal that Siri will continue to improve over time,

Gibson, Dunn & Crutcher LLP

1

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  Plaintiffs now allege—for the first time—that the term "beta" has no meaning for consumers.
2  Plaintiffs cannot have it both ways, and, in any event, raising such new "facts" and allegations is
3  inappropriate at this stage and cannot save their Complaint from dismissal.
4      Neither Plaintiffs' belief in what the law should be, nor their creative interpretation of what
5  the Complaint alleges, can change what the law actually is, or what the Complaint actually pleads
6  (and fails to plead).  Based on the actual law and the Complaint's actual allegations, the Court should
7  dismiss the Complaint in its entirety for the reasons stated below and in Apple's Motion.

## II. ARGUMENT

### A. Out-Of-State Plaintiffs Lack Standing To Pursue UCL, FAL, And CLRA Claims

    Despite Plaintiffs' assertion to the contrary, *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), precludes Fazio and Balassone (as well as out-of-state purchasers in the putative class) from pursuing claims under California's consumer protection laws.  The Ninth Circuit held in *Mazza* that there are material differences between the consumer protection laws of California and those of other states—specifically identifying material differences between the laws of California and those of Fazio's and Balassone's respective home states of New York and New Jersey (CC ¶¶ 20, 24)—and that notwithstanding California's interest in applying its laws to California corporations, other states' interests would be more impaired if California law were applied to their residents.  666 F.3d at 591, 593-94.  This ruling requires dismissal of the Complaint as to Fazio and Balassone because they lack standing to represent a class of consumers asserting claims under California law. *See Keegan v. Am. Honda Motor Co.*, No. 10-CV-9508 MMM, 2012 WL 2250040, at *32 n.129 (C.D. Cal. June 12, 2012) ("[A] plaintiff who is not resident of a state lacks standing to represent a class of individuals asserting claims under the laws of that state.") (citation omitted).

    Because the Ninth Circuit has squarely held that material differences exist between the consumer protection laws of California, New York and New Jersey, the instant case is distinguishable from *Allen v. Hylands, Inc.*, No. 12-CV-1150 DMG, 2012 WL 1656750 (C.D. Cal. May 2, 2012), where defendants did *not* argue that the states in which plaintiffs resided (Florida and Georgia) "have materially different consumer protection laws than California," and thus the court held that "there [wa]s no basis at [that] time for the Court to conclude that it would be inappropriate to apply

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  California law to [p]laintiffs' claims." *Id.* at *2; *see also Donohue v. Apple Inc.*, No. 11-CV-5337
2  RMW, 2012 WL 1657119, at *7 (N.D. Cal. May 10, 2012) (declining to dismiss claims under
3  California law because the parties had not yet established whether material differences existed
4  between California's and Washington's respective consumer protection laws).  Here, because the
5  Ninth Circuit has foreclosed any argument that the consumer protection laws of California, New
6  York, and New Jersey are not materially different, *see Mazza*, 666 F.3d at 591, Fazio and Balassone
7  cannot pursue their claims under California's consumer protection laws.  *See Allen*, 2012 WL
8  1656750, at *2 (observing that *Mazza* "precludes application of California law to class members from
9  states whose consumer protection laws differ *materially* from California's") (emphasis in original).

10  Plaintiffs' argument in their Opposition regarding choice-of-law agreements cannot cure
11  Fazio's and Balassone's lack of standing, because there is no choice-of-law provision governing
12  Plaintiffs' claims.  *See* Opp. at 6-7.  The iPhone software license agreement alleged in the Complaint
13  (CC ¶ 62(h)) contains a choice-of-law clause that applies by its plain terms only to claims arising out
14  of the license agreement itself, not the instant claims on behalf of consumers based on the alleged
15  functionality of a feature of their iPhones.  Mot. at 10 n.10.[1]  Accordingly, despite Plaintiffs'
16  attempted misdirection, *Mazza*'s holding that "each class member's consumer protection claim
17  should be governed by the consumer protection laws of the jurisdiction in which the transaction took
18  place" applies with full force to Plaintiffs' Complaint.  *See* 666 F.3d at 594.[2]

---

[1] Although Plaintiffs' Opposition references (without a request for judicial notice) other Apple agreements containing choice-of-law clauses that were not alleged in the Complaint (Opp. at 6 n.4), these agreements are likewise irrelevant to Plaintiffs' claims because they alternately govern the use of Apple's website and the ordering of products through Apple's application-based services and "1-click" feature.

[2] Plaintiff Jones' argument that Apple is "speak[ing] out of both sides of its mouth" by allegedly attributing Plaintiffs' claims solely to Siri "when it suits their purposes" (Supp. Opp. at 1-2) is inaccurate.  Apple's consistent position is that Plaintiffs' allegations relate exclusively to Siri, but iPhone 4S consists of much more than Siri.  Because the choice-of-law provision in the software license agreement applies by its plain terms only to claims arising out of the license agreement itself, the provision is inapplicable here; because Plaintiffs' allegations relate exclusively to the Siri software, the CLRA does not apply (Mot. at 20; *infra* § E.2); and because Plaintiffs cannot establish that Siri's alleged shortcomings render iPhone 4S unfit for its ordinary and intended purpose—particularly where Plaintiff Hamagaki has acknowledged Siri performs as advertised (CC ¶ 23)—no implied warranty was breached (Mot. at 22-23; *infra* § E.4).

Gibson, Dunn & Crutcher LLP

3
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

**B.     Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Fail To Satisfy Rule 9(b)**

Plaintiffs acknowledge that they must satisfy the heightened pleading requirements of Rule 9(b), but their Opposition's description of what Rule 9(b) requires is wholly inconsistent with unambiguous and controlling Ninth Circuit law.  In *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), the Ninth Circuit made clear that plaintiffs alleging a unified course of fraudulent conduct—as Plaintiffs purport to do here—must allege "the who, what, when, where, and how of the misconduct charged" and must allege "the particular circumstances" surrounding both the alleged misrepresentations and plaintiffs' reliance on them.  *Id.* at 1124, 1126 (quotation marks and citations omitted).  Following *Kearns*, this Court has dismissed fraud-based claims like those alleged here for failure to plead such facts with sufficient particularity.  *See, e.g.*, *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 789-90 (N.D. Cal. 2011); *Herrington v. Johnson & Johnson Consumer Cos.*, No. 09-CV-1597 CW, 2010 WL 3448531, at *8, *11 (N.D. Cal. Sept. 1, 2010).[3]

Plaintiffs' argument—derived from pre-*Kearns* case law—that the Complaint's sparse allegations can satisfy Rule 9(b) because they purportedly permit Apple to "'prepare an adequate answer from the allegations,'" is simply wrong.  *See* Opp. at 7 (citation omitted).  Courts within this Circuit have made clear that pre-*Kearns* cases suggesting that allegations satisfy Rule 9(b) as long as they "'put defendants on notice of the charges leveled against them'" are now "inapplicable" given the "clear[]" holding in *Kearns*.  *See Donohue*, 2012 WL 1657119, at *8 n.4 (citation omitted).

Furthermore, even assuming that the pleading requirements of Rule 9(b) are relaxed "'when the facts lie more in [defendant's] knowledge'" (Opp. at 8) (quoting *Comerica Bank v. McDonald*, No. 06-CV-3735 RMW, 2006 WL 3365599, at *2 (N.D. Cal. Nov. 17, 2006)), Plaintiffs' argument fails because the Complaint does not contain the necessary allegation that any of the missing details regarding the alleged misrepresentations are in fact within Apple's knowledge.  *See Comerica*, 2006 WL 3365599, at *3.  In any event, Plaintiffs cannot plausibly allege that the facts regarding which

---

[3] Plaintiffs' conclusory assertion that *Wehlage* and *Herrington* are distinguishable because "unlike" plaintiffs in those cases, Plaintiffs have adequately alleged the falsity of Apple's advertisements as well as their purported reliance on them (Opp. at 11 n.8) is unavailing; as explained in Apple's Motion (Mot. at 11-16) and below (§§ B.1, B.2), Plaintiffs neither identify any alleged misrepresentation nor plead reliance with the requisite particularity to satisfy Rule 9(b).

Gibson, Dunn & Crutcher LLP

4
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  advertisements *they* saw, when *they* saw those advertisements, which representations *they* found
2  material, or which ones *they* allegedly relied upon in purchasing their iPhones lie more in Apple's
3  knowledge than their own.  If Apple made statements that allegedly induced their purchases, only
4  Plaintiffs know which statements those were.

        **1.     Plaintiffs Do Not Allege Any Misrepresentation With Particularity**

6          Even assuming that Plaintiffs have sufficiently alleged the "who" of any purported
7  misrepresentation (*i.e.*, Apple), they nonetheless fail to allege with particularity the "what, when, [or]
8  where," and their Opposition's conclusory arguments to the contrary cannot cure this fatal deficiency.
9  *See* Opp. at 8; Mot. at 11-15.  It is not sufficient for Plaintiffs to provide perfunctory responses to
10 these questions (*see* Opp. at 8); even assuming the Complaint alleges "the neutral facts necessary to
11 identify" Apple's advertisements, it "must set forth *more* than the[se] neutral facts" in order to satisfy
12 Rule 9(b).  *See Kearns*, 567 F.3d at 1124 (quotation marks and citation omitted; emphasis in
13 original).  Nor do Plaintiffs allege with particularity the "how" of any alleged misrepresentation
14 merely by arguing that "Apple knew or should have known that Siri would not perform as advertised,
15 yet it advertised Siri acting as an efficient personal assistant to consumers nationwide" (Opp. at 8);
16 instead, they must explain "what is false or misleading about [a purportedly fraudulent] statement,
17 and why it is false" by connecting any performance issue they allegedly experienced with Siri to a
18 particular misrepresentation.  *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th
19 Cir. 2011) (quotation marks and citations omitted).

20         As described immediately below, the Opposition's bald assertion that the Complaint
21 "provide[s] a detailed account" of the advertisements Plaintiffs viewed and how any statements in
22 those advertisements relate to their personal experience with Siri (Opp. at 9) is belied by inspection of
23 the actual paragraphs that Plaintiffs cite (CC ¶¶ 20-28).  Simply describing Apple's commercials and
24 advertisements—which is all the Complaint does—does not satisfy Plaintiffs' pleading obligation
25 because it is not equivalent to "ple[ading] with specificity the *content of the alleged*
26 *misrepresentations* made by Apple in its commercials and advertisements." *See Baltazar v. Apple*
27 *Inc.*, No. 10-CV-3231 JF, 2011 WL 588209, at *3-4 (N.D. Cal. Feb. 10, 2011) (emphasis added).
28         Specifically, Plaintiffs do not—and cannot—allege that any of Apple's advertisements

Gibson, Dunn & Crutcher LLP

5
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

represent Siri as being capable of answering any and all questions users might ask or performing any and all tasks users might request; to the contrary, Apple explicitly advised consumers at the very press event announcing iPhone 4S upon which Balassone allegedly relied (CC ¶ 24) that they "can't ask [Siri] everything, and it's not perfect."[4]  Thus, Siri's alleged inability to, for example, "compare the fat content between two meals . . . properly" for Fazio (*id.* ¶ 21), answer unspecified "complex" questions for Hamagaki (*id.* ¶ 23), or "substantially shorten and simplify research time" in some unspecified way for Swartzman (*id.* ¶ 27) cannot form the basis for their misrepresentation claims.

Plaintiffs argue that as to Balassone, the Complaint specifies particular statements and explains why they are false by alleging that, during a live demonstration of Siri's real-time performance, Siri was described as a "digital assistant" and answered a question about the weather. Opp. at 10 n.7.  But Balassone does not allege that Siri is *not*, in fact, a "digital assistant"—nor could he without contradicting Hamagaki's successful experience using Siri as a digital assistant (*see* CC ¶ 23)—or that Siri is unable to answer questions about the weather.  And while true that, as Plaintiffs allege, Apple's television advertisements depicted Siri as answering questions such as "Where is the best barbeque in Kansas City?" and "Any gas stations we can walk to?" (*see id.* ¶ 37), Plaintiffs do not allege that Siri was unable to answer such questions for them—to the contrary, Hamagaki expressly admits that Siri successfully answered similar questions like "'find me Thai food'" or "'find me a gas station'" (*id.* ¶ 23).

Recognizing the Complaint's failure to identify any actionable misrepresentation in any of Apple's advertisements, Plaintiffs now argue that they need not describe specific misrepresentations because Apple has allegedly "made consistent misrepresentations over an extended period of time." Opp. at 8 (citing *Ticketmaster LLC v. RMG Techs.*, No. 07-CV-2534 ABC, 2007 WL 2989504, at *2 (C.D. Cal. Oct. 12, 2007)).[5]  However, *Ticketmaster* not only predates *Kearns* but also is readily

---

[4] Video: Apple Special Event, October 4, 2011 at 82:49, *available at* http://www.apple.com/apple-events/october-2011 (last visited July 6, 2012); Declaration of Scott Maier in Support of Apple Inc.'s Motion to Dismiss Consolidated Class Action Complaint ("Maier Decl.") Ex. 3, ECF No. 33-3.

[5] Plaintiffs also cite *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235 (2009), but *Morgan* is a state court case and therefore has no bearing on the pleading requirements in federal court.  *See, e.g., Provencio v. Armor Holdings, Inc.*, No. CV-F-07-0651 AWI-TAG, 2007 WL

*(Cont'd on next page)*

6
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

distinguishable; unlike the "thousands" of instances of the *same* misrepresentation over a multi-year period at issue in *Ticketmaster*, *see* 2007 WL 2989504, at *3, here Plaintiffs have (at best) alleged several advertisements, each including different representations, released at various times over a period of months. *Kearns* requires dismissal of the Complaint, and *Ticketmaster* cannot save it.

### 2. Plaintiffs Do Not Allege Reliance With Particularity

Contrary to Plaintiffs' assertion, the Complaint does not "precisely allege" Plaintiffs' reliance on particular representations in purchasing their iPhones. Opp. at 10. At best, only Balassone specifically alleges that he relied on statements made at Apple's October 4, 2011 press event (CC ¶ 24)—though, as discussed above, the Complaint fails to identify any actionable misrepresentation at the event. Fazio, Hamagaki, and Swartzman vaguely allege that they relied on unspecified "television advertisements" and unspecified representations made "during various presentations and on Apple's website" at unspecified times. *Id.* ¶¶ 20, 22, 27. As in *Kearns*, however, these allegations do not satisfy Rule 9(b) because they do not specify "when [Plaintiffs were] exposed to" the advertisements, "which ones [they] found material," or which ones they "relied upon in making [their] decision to buy" an iPhone 4S. *See* 567 F.3d at 1126.

Plaintiffs once again ignore the pleading requirements set forth in *Kearns* and rely again on *Ticketmaster*—a Central District case predating *Kearns*—for their assertion that merely alleging "the timing of the relevant *conduct*" is sufficient to satisfy the reliance requirement of Rule 9(b). Opp. at 11 (emphasis added). *Kearns* makes clear, however, that Plaintiffs must allege the timing and circumstances of their alleged *reliance* in order to satisfy Rule 9(b). 567 F.3d at 1126. Moreover, *Ticketmaster* is again distinguishable; there, plaintiffs alleged that the *same* misrepresentation had been made "thousands of times" over several years, whereas here, Plaintiffs purport to attack different representations made at different times over several months. *See* 2007 WL 2989504, at *3. Thus, Plaintiffs must—but do not—specify not only which advertisements they saw, found material, and relied upon in purchasing their iPhones, but also *when* they saw these advertisements.

---

*(Cont'd from previous page)*

2814650, at *2 (E.D. Cal. Sept. 25, 2007) ("Whether Plaintiff's allegations are sufficient under state-law pleading requirements is inapposite.").

7

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1. Plaintiffs incorrectly contend that *Kearns* "is wholly inapposite" despite its obvious similarities to the present case (Opp. at 11); indeed, if anything, plaintiff in *Kearns* pleaded his claims under the UCL, FAL, and CLRA with greater specificity than Plaintiffs do here, and yet still failed to satisfy Rule 9(b).  In *Kearns*, plaintiff "allege[d] that Ford's marketing materials and representations led him to believe that [certified pre-owned ("CPO")] vehicles were inspected by specially trained technicians and that the CPO inspections were more rigorous and therefore more safe" and that "he was exposed to these representations through (1) Ford's televised national marketing campaign; (2) sales materials found at the dealership where he bought his vehicle; and (3) sales personnel working at the dealership where he bought his vehicle." 567 F.3d at 1125-26.  The Ninth Circuit held that these allegations failed to satisfy Rule 9(b) for failure to specify any alleged misrepresentation contained in any of these materials, when plaintiff was exposed to the materials, or which ones he found material and relied upon in deciding to buy a CPO vehicle.  *Id.* at 1126.  Plaintiffs cannot escape the conclusion that their generic allegations likewise fail to satisfy Rule 9(b) for the same reasons, and their UCL, FAL, CLRA, and misrepresentation claims should therefore be dismissed.

**C.  Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Each Fail To State A Claim Under Rule 12(b)(6) Because They Are Premised On A Selective Reading Of The Challenged Representations**

Although the Complaint attempts to take Apple to task for purportedly failing to include the word "beta" in "the bulk" of its advertising materials for Siri (CC ¶¶ 49-50)—despite admitting that Apple's website discloses that "Siri is currently in beta and we'll continue to improve it over time" (*id.* ¶ 48)—Plaintiffs' Opposition now argues *for the first time* that Apple's disclosures are insufficient because "beta is never explained" and "[b]eta is not a universally understood term."  Opp. at 14 & n.11.  The Court should disregard Plaintiffs' attempt to amend their Complaint in their Opposition because, in ruling on a motion to dismiss, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (quotation marks and citation omitted; emphasis in original).  And, in any event, Plaintiffs had an understanding of the term when they prepared their Complaint, as it alleges that "Apple had actual or constructive knowledge of [Siri's] shortcomings" by stating on its website that "Siri is currently in beta."  CC ¶ 48.

Gibson, Dunn & Crutcher LLP

8

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Moreover, Plaintiffs mischaracterize the Motion's argument regarding Apple's numerous disclosures that Siri is in beta. *See* Opp. at 13; Supp. Opp. at 3.[6] Apple did not (and does not) argue that its disclosures regarding Siri's beta status are somehow acknowledgements that Siri does not work as represented; rather, these disclosures simply reflect the fact that Siri is a cutting-edge technology, and their prominence on Apple's website (including with bright orange "Beta" icons) negates Plaintiffs' specious allegation that "it is only through following a series of links within Apple's website, including a footnote at the bottom of a page, that one would learn that Siri is only a work-in-progress." *See* CC ¶ 50. Plaintiffs ignored these disclosures in their Complaint and continue to ignore them even now. *See* Opp. at 13-14 ("It is only through following a maze of links and hyperlinks that these website references can be viewed."). Plaintiffs offer no response to the fact that Apple further disclosed—at the very press event announcing iPhone 4S upon which Balassone allegedly relied (CC ¶ 24)—both Siri's beta status and the fact that, given that Siri is a new and developing technology, consumers "can't ask [Siri] everything, and it's not perfect."[7]

Plaintiffs further mischaracterize Apple's argument regarding the numerous disclosures on its website by claiming that Apple argues consumers must "go onto the Internet" after seeing a television advertisement "to determine whether what they viewed was true." *See* Opp. at 13. Again, Apple never argued anything of the kind. Rather, Apple provided the Court with a full and complete picture of the representations on its website to counter Plaintiffs' mischaracterizations and to demonstrate that, given Plaintiffs' alleged reliance on representations on Apple's website (CC ¶¶ 20, 22, 24, 27), their claims are premised on a selective reading of the website that impermissibly ignores specific disclosures. *See, e.g.*, *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Plaintiffs seek to

---

[6] Although no opposition to Apple's Request for Judicial Notice has been filed, and the other named Plaintiffs do not challenge any of the materials cited in Apple's Motion, Plaintiff Jones challenges Apple's purported use of "evidence outside the Complaint to rewrite and refute the allegations of the Complaint." Supp. Opp. at 1 n.3. These materials were specifically referenced or relied upon in the Complaint or are necessary to provide a complete picture of the representations challenged in the Complaint, and therefore it is appropriate for the Court to consider them. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005). Indeed, Plaintiffs rely on these very same materials in their Opposition. *E.g.*, Opp. at 13-14, 21.

[7] *See* Video, *supra* note 4. Plaintiffs' arguments regarding "four press releases touting the Siri's [sic] features" (Opp. at 14) should be disregarded because the Complaint cites only the October 4, 2011 press release (CC ¶ 34) and Plaintiffs have not filed a request for judicial notice.

Gibson, Dunn & Crutcher LLP

9

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

have it both ways, on the one hand relying extensively on Apple's entire advertising campaign—including representations on Apple's website on which they allegedly relied (*see, e.g.*, CC ¶¶ 20, 22, 24, 27, 41-43, 48, 50)—while on the other hand selectively ignoring specific disclosures on the website and arguing that consumers cannot be expected to visit the website. This "cherry-picking" of statements is insufficient to establish that "members of the public are likely to be deceived." *See Freeman*, 68 F.3d at 289; *see also Castagnola v. Hewlett-Packard Co.*, No. 11-CV-5772 JSW, 2012 WL 2159385, at *10 (N.D. Cal. June 13, 2012) (dismissing UCL claim where defendants' webpages—which plaintiffs incorporated into their complaint by reference—contained disclosures "on the same page and in close proximity" to alleged misrepresentations).

### D. Plaintiffs' UCL, FAL, CLRA, And Misrepresentation Claims Each Fail To State A Claim Under Rule 12(b)(6) Because They Rely On Non-Actionable Statements

Plaintiffs' argument that they adequately allege that the public is likely to be deceived because Siri allegedly does not function as "an efficient personal assistant" or "an 'intelligent' personal assistant as represented by Apple" (Opp. at 8, 13) illustrates Plaintiffs' reliance on non-actionable statements to support their claims. *See* Mot. at 17. Stating that Siri is an "efficient" or "intelligent" "personal assistant" is not a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact," as required to be actionable. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999).

The Opposition's conclusory assertion that "[t]aking [Apple's] representations and statements [regarding Siri] as a whole, they present a clearly misleading picture of Siri's functionality" such that they "are actionable" (Opp. at 15) is unavailing because the Complaint fails to allege that all named Plaintiffs saw and relied on all of these advertisements. *See, e.g.*, *Herrington*, 2010 WL 3448531, at *11 (dismissing misrepresentation claims where plaintiffs "d[id] not even allege that they saw and relied on the statements of which they complain"). Moreover, this assertion is not supported by the allegations in the Complaint. The few specific representations that the Complaint identifies—for example, that iPhone 4S "has been touted by Apple as 'the best iPhone yet'" (CC ¶ 33) and that "Apple uniformly advertises the iPhone 4S as 'amazing,' and 'impressive'" (*id.* ¶ 79)—are not actionable and cannot form the basis for Plaintiffs' claims. *See, e.g.*, *Brodsky v. Yahoo! Inc.*, 592 F.

Gibson, Dunn & Crutcher LLP

10
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  Supp. 2d 1192, 1200 (N.D. Cal. 2008) (holding that defendant's statements—"on the technology

2  front we hit the ball out of the park," "[we] did an extraordinary job this quarter," and "we have built

3  an attractive advertising platform"—were not actionable).  Indeed, while Apple specifically explained

4  in its Motion why these statements are not actionable (Mot. at 17), the Opposition does not even

5  attempt to defend the Complaint's allegations as to these statements.  Plaintiffs' UCL, FAL, CLRA

6  and misrepresentation claims should be dismissed.

7  **E.    Plaintiffs' Claims Fail Under Rule 12(b)(6) For Additional Reasons**

8      **1.    Plaintiffs Fail To State A Claim Under The UCL**

9  Plaintiffs' Opposition does not explain how Apple could have violated the UCL's "unlawful"

10 prong based on alleged violations of various statutes, all of which are species of fraud, given that the

11 Complaint fails to satisfy Rule 9(b) or plead any actionable misrepresentation or omission by Apple.

12 *See* Opp. at 16.  Plaintiffs' "argument" consists of nothing more than the unremarkable observation

13 that *if* they had successfully pleaded a violation of any of these statutes (they have not), that could

14 constitute a predicate violation for stating a claim under the "unlawful" prong.  *See id.*

15 Plaintiffs also do not explain how Apple engaged in any "unfair" conduct within the meaning

16 of the UCL.  Their Opposition, like their Complaint, merely provides a "formulaic recitation" of

17 elements that the Court need not credit.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

18 Opp. at 16-17; CC ¶ 89.  In particular, Plaintiffs offer no response to Apple's argument that Plaintiffs

19 do not plead with the requisite particularity any facts supporting an alleged violation of the "unfair"

20 prong (Mot. at 19), and their new argument that a violation of the "unlawful" prong somehow "also

21 violates the unfair prong" (Opp. at 17) finds no support, particularly in the single case they cite.

22 Plaintiffs selectively quote the test for "unfair" conduct set forth in *Cel-Tech Communications, Inc. v.*

23 *Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), as providing that conduct is "unfair" if

24 it "'threatens an incipient violation of [a] law'" (Opp. at 16), conveniently altering the quoted

25 language so as to disguise that the test in fact states that conduct is "unfair" if it "threatens an

26 incipient violation of *an antitrust* law." *Cel-Tech*, 20 Cal. 4th at 187 (emphasis added); *see id.* at 187

27 n.12 (noting test is "limited" to "action[s] by a competitor alleging anticompetitive practices" and

28 *does not* "relate[] to actions by consumers").  In any event, the Ninth Circuit has explained that

Gibson, Dunn & Crutcher LLP

11

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  "[e]ach prong of the UCL is a separate and distinct theory of liability," whereas according to
2  Plaintiffs' flawed (and unsupported) theory, the "unlawful" and "unfair" prongs are identical.  *See*
3  *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).
4        Finally, as described above, Plaintiffs fail to state a claim under the "fraudulent" prong of the
5  UCL (or under the FAL), and their conclusory argument that they "allege that Apple made
6  misrepresentations and omissions" that "were not only likely to deceive, but in fact deceived
7  plaintiffs" (Opp. at 17-18) does not cure this deficiency.  Plaintiffs' UCL claims should be dismissed.

8        **2.**      **Plaintiffs Fail To State A Claim Under The CLRA**

9        Plaintiffs' CLRA claim should be dismissed because Siri is neither a "good" nor a "service."
10  Mot. at 20.  Plaintiffs' argument that *iPhone 4S* is a "good" (Opp. at 18-19) is irrelevant because, as
11  the Motion made clear, Plaintiffs' claims relate exclusively to its Siri software.  Mot. at 20; *see, e.g.*,
12  CC ¶ 5 ("In this case, Plaintiffs challenge Defendant's actions in connection with its misleading and
13  deceptive advertising *related to the iPhone 4S's Siri feature*.") (emphasis added).
14        Plaintiffs again attempt to amend their Complaint in their Opposition by alleging—for the
15  first time—that "Siri is a persistent, cloud computing system integrated into the hardware of the
16  iPhone 4S and Apple's main-servers" and that Siri "meets the definition of a service as a persistent
17  cloud computing service" (Opp. at 18-19), despite never alleging in the Complaint that Siri is even a
18  "service," let alone alleging any facts to show why it is a "service."  Such inappropriate additions to
19  the Complaint should not be countenanced.  In any event, although Plaintiffs attempt to distinguish
20  the numerous cases in which courts within the Ninth Circuit have concluded that software like Siri is
21  neither a "good" nor a "service" for purposes of the CLRA by arguing that such statements were
22  *dicta* (Opp. at 19), notably they do not cite any cases in which courts have concluded otherwise.  And
23  Plaintiffs do not (and cannot) characterize as *dicta* the court's finding in *Ferrington v. McAfee, Inc.*,
24  that "software generally is not a service for purposes of the CLRA."  No. 10-CV-1455, 2010 WL
25  3910169, at *19 (N.D. Cal. Oct. 5, 2010).  Moreover, to the extent plaintiffs in *Ferrington* contended
26  that the particular software at issue "should be considered a service," the court held that "[p]laintiffs
27  have not alleged sufficient facts . . . to allow the Court to draw that conclusion."  *Id.*  Similarly here,
28  Plaintiffs have not alleged *any* facts in the Complaint from which the Court could conclude that the

Gibson, Dunn & Crutcher LLP

12

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Siri software is a "service," and Plaintiffs' CLRA claim should be dismissed for this reason alone.

### 3. Plaintiffs Fail To State A Claim For Breach Of Express Warranty

The Complaint fails to state a claim for breach of express warranty, notwithstanding the Opposition's bare assertions to the contrary (*see* Opp. at 19, 20). Plaintiffs' vague and conclusory argument that Apple's advertisements "contain[] the affirmations of fact or promise made by Apple that related to Siri and become [sic] part of the basis of the bargain" (*id.* at 21; *see also* CC ¶¶ 104-105) is not sufficient given the Complaint's failure to identify a single actionable affirmation of fact or promise made by Apple regarding Siri (much less one that "was breached"), as discussed above. Merely describing "the content" of various advertisements (Opp. at 21) is not equivalent to reciting the exact terms of an alleged warranty, as required to state a claim for breach of express warranty. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010).

Further, Plaintiffs admit that they "must plead" reliance "with the requisite specificity," but then they simply assert that the Complaint alleges each Plaintiff's reliance "with great specificity." Opp. at 21. This conclusory argument fails on even a cursory review of the Complaint, because only Balassone arguably alleges reliance on any particular representation whatsoever, and neither he nor any other Plaintiff has alleged reliance "with great specificity" because, as discussed above, the Complaint fails to allege which advertisements each Plaintiff saw, found material, and relied upon in purchasing their iPhones, let alone *when* each Plaintiff saw these advertisements.

The Complaint also fails to "plead that notice of the alleged breach was provided to the seller" prior to filing suit, as required. *See Stearns*, 763 F. Supp. 2d at 1142. Contrary to Plaintiffs' assertion, there is nothing "inexplicabl[e]" about the fact that Apple "ignores" the letters sent by Balassone and Swartzman (Opp. at 20) and Jones (Supp. Opp. at 4), because the operative Complaint contains no reference to either of those letters, alleging only that notice was satisfied when *Fazio* sent a letter on the same day as he filed his original complaint. *See* CC ¶¶ 72, 110. Again, Plaintiffs impermissibly attempt to amend their Complaint in their Opposition.

### 4. Plaintiffs Fail To State A Claim For Breach Of Implied Warranty

Plaintiffs cite no authority for their argument that a disclaimer of the implied warranty of merchantability must always be made "to consumers before the purchase" (Opp. at 22), and this

Gibson, Dunn & Crutcher LLP

13

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  theory was specifically rejected in *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138 (N.D.
2  Cal. 2010), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011).[8] In *Kowalsky*,
3  defendant provided sufficient notice of the disclaimer where the disclaimer was "available on
4  [defendant's] website" and plaintiffs did not allege that they were "barred from returning the
5  [product] within a reasonable period after receiving [it] and reading the warranty documents included
6  with [it]." 771 F. Supp. 2d at 1156. The fact that Plaintiffs do not "concede" that the disclaimer was
7  available (Opp. at 22) is irrelevant; the Court can take judicial notice of the fact that the disclaimer
8  was available on Apple's website at the time of purchase (*see* Maier Decl. ¶¶ 9, 11) and included in
9  the retail packaging for iPhone 4S, and Plaintiffs do not allege that they were barred from returning
10 their iPhones. Thus, Apple properly disclaimed the implied warranty of merchantability as a matter
11 of law. *See Kowalsky*, 771 F. Supp. 2d at 1156.[9]

12       Plaintiffs also misstate the provisions of the Song-Beverly Act to the extent they argue that
13 "Apple is barred from disclaiming implied warranties" under the Act with respect to Plaintiffs who
14 purchased their iPhones in California. *See* Opp. at 22. While it is true that a manufacturer cannot
15 disclaim the implied warranty of merchantability in "a sale in which express warranties are given,"
16 Cal. Civ. Code § 1793, Plaintiffs' attempt to create an express warranty regarding Siri merely by
17 describing various advertisements fails, as discussed in the previous section.

18       Furthermore, Plaintiffs offer no response to Apple's argument that they fail to plead sufficient
19 facts to make it plausible that the ordinary and intended purpose of iPhone 4S is "being a consistent
20 intelligent verbal assistant." *See* Opp. at 23; CC ¶¶ 114-116. Apple does not argue that iPhone 4S
21 must be entirely unusable in order for Plaintiffs to state a claim for breach of implied warranty (*see*
22 Opp. at 23), but Plaintiffs cannot pick one of the many features of a product and simply assert,

---

[8] Even if this theory were true, Plaintiffs' argument that "Apple presents no evidence stating that any such pre-sale representations were made" (Opp. at 22) is misplaced given that the pleading burden is on Plaintiffs (who have not met that burden), and Apple cannot present "evidence" at this stage of the proceedings.

[9] Plaintiff Jones' argument that it is "inappropriate" for Apple to argue in a motion to dismiss that it disclaimed the implied warranty of merchantability (Supp. Opp. at 3-4) is unsupported and wrong. Indeed, the court in *Kowalsky* granted defendant's motion to dismiss plaintiff's breach of implied warranty claim because it "agree[d]" that "[d]efendant properly disclaimed the implied warranty of merchantability," 771 F. Supp. 2d at 1155, as Apple has here.

Gibson, Dunn & Crutcher LLP

14
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

without pleading any facts to make such an assertion plausible, that the feature is its "ordinary and intended" purpose, particularly given Plaintiffs' express acknowledgment that iPhone 4S is more than just Siri. *See, e.g.*, Opp. at 17 (describing Siri as "*one of* the iPhone 4S's primary features") (emphasis added); CC ¶ 3 (describing iPhone 4S "as a mobile phone, an iPod and an Internet communications device all in one [that] features desktop-class email, web browsing, searching, and maps"). This claim should be dismissed.

### 5. Plaintiffs' Failure To State A Claim For Breach Of Warranty Under State Law Necessarily Constitutes A Failure To State A Claim Under The Magnuson-Moss Warranty Act

Because Plaintiffs fail to state a claim for breach of warranty under state law, their Magnuson-Moss Warranty Act claim necessarily fails as well. *See, e.g.*, *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).

### 6. Plaintiffs Fail To State A Claim For Unjust Enrichment

Plaintiffs concede that an independent claim for unjust enrichment may not be viable (Opp. at 24), but otherwise do not respond to the arguments or cases cited in Apple's Motion. Although restitution might be a viable *remedy* if Plaintiffs had stated a claim under the UCL (*see* Opp. at 25)—which they have not—Plaintiffs have not stated an independent *claim* for unjust enrichment by "merely incorporat[ing] the other facts of the [complaint] by reference" and alleging in a conclusory fashion that Apple has been unjustly enriched. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009). Therefore, this claim should be dismissed.

## III.   CONCLUSION

For the foregoing reasons and those stated in Apple's Motion, the Complaint is insufficient as a matter of law to support any of the claims alleged, and Apple respectfully requests that this Court dismiss the Complaint in its entirety.

DATED: July 6, 2012                          Respectfully submitted,

                                             GIBSON, DUNN & CRUTCHER LLP

                                             By:   */s/* Gail E. Lees
                                                      Gail E. Lees

                                             Attorneys for Defendant APPLE INC.

# CERTIFICATE OF SERVICE

I, Aimee M. Halbert, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105, in said County and State. On July 6, 2012, I served the following document(s):

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

on the party stated below, by the following means of service:

> Kathleen L. Barber
> Robbins Geller Rudman & Dowd LLP
> 120 East Palmetto Park Road
> Suite 500
> Boca Raton, FL 33432

☒ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☒ I am employed in the office of Gail E. Lees, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2012 in San Francisco, California.

                             /s/ Aimee M. Halbert
                               Aimee M. Halbert