GAIL E. LEES, SBN 90363
glees@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
AIMEE M. HALBERT, SBN 279144
ahalbert@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone:  415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re iPHONE 4S CONSUMER LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Master File No. 4:12-cv-01127-CW<br><br>CLASS ACTION<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hearing:      N/A<br>Judge:         The Honorable Claudia Wilken |

Gibson, Dunn & Crutcher LLP

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. RESPONSE TO PLAINTIFFS' "STATEMENT OF FACTS" .................................................. 1

III. ARGUMENT .......................................................................................................................... 2

    A. The Opposition Confirms That The Misrepresentation Claims Fail To Satisfy Rule 9(b) ................................................................................................................. 2

        1. The Opposition Is Unable To Identify A Single Knowing Misrepresentation ................................................................................................. 3

        2. The Opposition Cannot Save Plaintiffs' Deficient Reliance Allegations ......... 7

    B. The Opposition Admits That The Misrepresentation Claims Depend On A Selective Reading Of The Challenged Representations And On Non-Actionable Statements ................................................................................................. 9

        1. Plaintiffs Do Not Adequately Plead That Apple's Statements About Siri Were Likely To Deceive Reasonable Consumers ....................................... 9

        2. Plaintiffs Fail To Identify A Single Actionable Statement Regarding Siri .................................................................................................................... 12

    C. The Opposition Confirms Plaintiffs' Inability To State A Claim Under The UCL ................................................................................................................................ 12

    D. The Opposition Does Not Revive Plaintiffs' Breach Of Express Warranty Claim .............................................................................................................................. 14

IV. CONCLUSION ..................................................................................................................... 15

i

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Aaronson v. Vital Pharms., Inc.*,
   No. 09-cv-1333, 2010 WL 625337 (S.D. Cal. Feb. 17, 2010) ........................................................ 15

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011) ........................................................................................................ 14

*Animal Legal Defense Fund v. Mendes*,
   160 Cal. App. 4th 136 (2008) ...................................................................................................... 13

*Baltazar v. Apple Inc.*,
   No. 10-cv-3231, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ................................................... 6, 7

*Baltazar v. Apple Inc.*,
   No. 10-cv-3231, 2011 WL 6747884 (N.D. Cal. Dec. 22, 2011) ........................................... 7, 9, 10

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ...................................................................................................... 9

*Birdsong v. Apple Inc.*,
   590 F.3d 955 (9th Cir. 2009) ........................................................................................................ 13

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ........................................................................................................ 2

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
   173 F.3d 725 (9th Cir. 1999) ........................................................................................................ 12

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ...................................................................................................... 12

*Degelmann v. Advanced Med. Optics Inc.*,
   659 F.3d 835 (9th Cir. 2011) ........................................................................................................ 13

*Degelmann v. Advanced Med. Optics Inc.*,
   699 F.3d 1103 (9th Cir. 2011) ...................................................................................................... 13

*Faigman v. Cingular Wireless, LLC*,
   No. 06-cv-4622, 2007 WL 708554 (N.D. Cal. Mar. 2, 2007) ..................................................... 5, 6

*Fundin v. Chi. Pneumatic Tool Co.*,
   152 Cal. App. 3d 951 (1984) ........................................................................................................ 15

*In re Sony Gaming Networks & Customer Sec. Data Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) .......................................................................................... 11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................................................ 6

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1156 (N.D. Cal. 2011) ......................................................................................... 7

ii

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Maxwell v. Unilever U.S., Inc.*,
　No. 12-cv-1736, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ...................................................... 8

*McKinney v. Google, Inc.*,
　No. 10-cv-1177, 2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ................................................ 10

*Rossi v. Whirlpool Corp.*,
　No. 12-cv-125, 2013 WL 1312105 (E.D. Cal. Mar. 28, 2013) ................................................ 5, 6

*Stuart v. Cadbury Adams USA, LLC*,
　458 F. App'x 689 (9th Cir. 2011) .............................................................................................. 10

*Unlu v. Wells Fargo Bank NA*,
　No. 10-cv-5422, 2011 WL 6141036 (N.D. Cal. Dec. 9, 2011) .................................................. 15

Gibson, Dunn & Crutcher LLP

iii
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

### I. INTRODUCTION

Plaintiffs' Opposition confirms what Apple's Motion explained: Plaintiffs' Amended Complaint cures none of the deficiencies that caused the Court to dismiss the initial Complaint. Plaintiffs still cannot identify a single specific false or misleading statement by Apple, much less one on which they allegedly relied, and they still do not plead a breach of warranty. Despite the Court's command to be "more clear about what exactly [Plaintiffs] think the consumers were led to believe" (Tr. at 11:1-2)—*i.e.*, to set forth "the 'how' of [Apple's] purported misrepresentations" (Order at 23)—the Opposition, like the Amended Complaint, opts instead to repeat the word "consistent" or some derivation of it *29 times* without any explanation of Plaintiffs' theory of falsity. The Opposition cannot point to any actual representation by Apple that Siri would always work "consistently" and "without a single hiccup." *See, e.g.*, ACC ¶¶ 13, 43. Nor does the Opposition explain how Apple's advertisements could have deceived a reasonable consumer into such an improbable understanding of Siri's capabilities—particularly in light of Apple's disclaimers that Siri is "not perfect," Apple would "improve it over time," and users "can't ask [Siri] everything."

Plaintiffs assert repeatedly that the Amended Complaint "follow[s] this Court's specific instructions." *E.g.*, Opp. at 16. In fact, as the Motion explained and as detailed further below, the Amended Complaint ignores numerous of the Court's "specific instructions" and fails to plead a claim that can survive Rules 9(b) or 12(b)(6). Plaintiffs' Opposition, which does little more than cut and paste the Amended Complaint's conclusory allegations without further discussion, analysis or authorities, does not show otherwise. The Amended Complaint should be dismissed with prejudice.

### II. RESPONSE TO PLAINTIFFS' "STATEMENT OF FACTS"

Plaintiffs offer no response whatsoever to the numerous points Apple raised in the Motion's "Factual Background" section but instead largely just repeat in their Opposition the deficient allegations of the Amended Complaint. Mot. at 3-9. Plaintiffs thus effectively concede the arguments Apple raised, including that the Amended Complaint cherry-picks excerpts of Apple's advertising in a futile effort to show that Siri was the *sine qua non* of iPhone 4S; Apple repeatedly disclosed that Siri, as a new and cutting-edge technology, was still under development; and the named Plaintiffs are unable to identify either any specific command they had seen Siri perform in

Gibson, Dunn & Crutcher LLP

1

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  Apple's advertising that Siri was unable to perform for them or any specific representations on which
2  they allegedly relied.
3      In addition, the Opposition at times mischaracterizes or backtracks from the allegations of the
4  Amended Complaint in response to the Motion's arguments. For example, the Amended Complaint
5  repeatedly takes issue with Siri's purported lag time in responding to user input. *See, e.g.*, ACC
6  ¶¶ 34, 37, 44-46, 48-51, 71. Yet, in the face of the Motion's observation that Apple's commercials
7  contained the disclaimer "sequences shortened" (Mot. at 5, 17), the Opposition contradicts the
8  Amended Complaint and asserts that Plaintiffs' "claims have nothing to do with Siri's slow response
9  time." Opp. at 4 n.3. Likewise, the Motion explained the absurdity of the Amended Complaint's
10 allegations that Plaintiffs assumed Siri would answer certain questions in the same way as
11 "google.com and comparable search engines" answer *different* search queries posed in *different* ways.
12 Mot. at 12 n.6. In response, Plaintiffs now assert that "Plaintiffs are not alleging that they expected
13 Siri to work like Google" (Opp. at 13 n.5)—notwithstanding that the Amended Complaint
14 specifically alleges they did have that expectation. *See* ACC ¶¶ 58, 66, 80.

### III.    ARGUMENT

**A.    The Opposition Confirms That The Misrepresentation Claims Fail To Satisfy Rule 9(b)**

As the Ninth Circuit and this Court repeatedly have held, Rule 9(b) requires Plaintiffs to allege, with particularity, "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and citation omitted); *see also* Order at 21-22; Mot. at 10 (citing cases). Plaintiffs' Amended Complaint falls woefully short of satisfying this strict pleading requirement.[1]

///

///

---

[1] The Opposition's "who," "what," "where" contentions are copied *verbatim* from their failed opposition to Apple's previous motion to dismiss. *Compare* Dkt. 51 at 8 *with* Opp. at 10. Plaintiffs also try to downplay Rule 9(b)'s heightened pleading standard. But their three cases—which predate the cases cited in the Motion (Mot. at 9-10) and involve securities fraud claims, not consumer claims like those at issue here—do not support any lower bar. *See* Opp. at 10, 13.

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

**1.  The Opposition Is Unable To Identify A Single Knowing Misrepresentation**

Plaintiffs proclaim in conclusory fashion that they have pleaded knowing misrepresentations because they purportedly have "(1) 'explained what exactly Apple led consumers to believe in the commercials about Siri's performance' including 'particular statements'. . . ; (2) . . . 'specified precisely how Siri failed to meet the representations that they claim Apple made; and (3) [alleged] how Apple knew or should have known that these representations were false.'"  Opp. at 10 (quoting Order at 23).  Plaintiffs correctly identify the three elements they must allege, but the Motion explained how the Amended Complaint pleads *none* of them.  Mot. at 10-13.  Plaintiffs' Opposition has no answer, choosing instead to ignore or mischaracterize the Motion's dispositive arguments.

*First*, Plaintiffs still do not plead the "how" of their misrepresentation claims, much less by identifying "'particular statements'" Apple made.  *See* Opp. at 10 (quoting Order at 23).  The Court dismissed Plaintiffs' initial Complaint in part because it did "not make clear" what "their theory" of falsity was.  Order at 23.  The Court thus admonished Plaintiffs that, in their Amended Complaint, "you're going to need to be more clear about what your theory is."  Tr. at 10:21-22.  In response, the Amended Complaint chose to allege a "perfection" theory of falsity, *i.e.*, Plaintiffs claim Apple falsely represented that Siri would function flawlessly in all circumstances, no matter how a consumer used it.  Mot. at 2, 10-11.

There is no other possible interpretation of the Amended Complaint, which repeatedly claims Apple represented that Siri would function "on a consistent basis," "without a single hiccup" and "without complications."  *Id.* at 10 (citing ACC ¶¶ 6, 43, 90).  The Opposition certainly does not offer any other interpretation; to the contrary, the Opposition twice asserts that Apple's commercials represented that "Siri worked *perfectly* and *never faltered*."  Opp. at 5 (emphases added).  Plaintiffs likewise contend that "Apple's advertisements show Siri *completely* understanding and responding to *every* voice command," and that "[i]n Apple's commercials featuring Siri, *each and every one of these tasks* were performed with ease using Siri."  *Id.* at 1, 11 (emphases added).  The Opposition also continues to assert the Amended Complaint's theory of falsity based upon Apple's alleged representations of "consistency."  *See, e.g., id.* at 1, 11-12, 15, 17, 19-20.  As the Motion explained (Mot. at 10-11) and Plaintiffs do not dispute, the dictionary definition of "consistent" is "marked by

3

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

1  harmony, regularity, or steady continuity: free from variation or contradiction"—in other words,
2  perfection. Merriam-Webster.com, http://www.merriam-webster.com/dictionary/consistent (last
3  visited Sept. 10, 2013).

4  Despite all of these allegations and assertions, Plaintiffs' Opposition again tries to run away
5  from the Amended Complaint by claiming that Plaintiffs are *not* alleging "perfection." *See* Opp. at
6  18. **But if that were true, then what would Plaintiffs mean by "consistent," and what would be**
7  **their theory?** The Opposition is unable to answer these questions. Plaintiffs cannot (and do not)
8  argue that their allegations of claims of consistency mean simply that Apple represented that Siri
9  would answer questions and commands more often than Siri actually does in practice. As the Motion
10 discussed (Mot. at 11-12 & n.4) and Plaintiffs ignore, the Court already explained that to plead such a
11 theory Plaintiffs would have to do much more than simply repeat the word "consistent" over and over
12 again:

> [I]f you're going to say sometimes it does, but sometimes it doesn't, it seems like *we need something a little more specific* than that, like *how often or why not*? . . . If you're not saying that it always has to answer every question correctly, then you're necessarily saying sometimes it does, and sometimes it doesn't. And then *the question becomes how often? Is the 90 percent good enough? Would it have to be – is 50 percent not good enough*? . . . [Y]ou're going to need to be more clear about what your theory is . . . , and *it's going to have to be something more clear about what exactly you think the consumers were led to believe by the advertisements and in what exact way that didn't work*, whether it was [Siri] could only answer simple questions and never answer hard questions, *or [Siri] only answered them some percentage of time or something*.

19 Tr. at 7:21-8:12, 10:21-11:6 (emphases added). It is not enough to claim vaguely, as the Opposition
20 does, that Apple's "commercials represented" that it "was *possible*" that Siri could answer certain
21 questions but Siri "*often* gave Plaintiffs wrong information." Opp. at 5-6, 12-13 (emphases added).
22 By itself, Plaintiffs' inability to articulate a theory of falsity dooms their misrepresentation
23 claims. But leaving aside whether Plaintiffs' theory is "perfection" or something else, the Amended
24 Complaint still does not identify any "*particular statements*" by which Apple conveyed any alleged
25 misrepresentations. Order at 23 (emphasis added). Although the Opposition contends that Plaintiffs
26 have provided "examples of misleading statements" (Opp. at 13), neither the Amended Complaint
27 nor the Opposition identifies a single misrepresentation by Apple. Instead, Plaintiffs concede what
28 the Motion explained: the Amended Complaint does nothing more than list the contents of various

Gibson, Dunn & Crutcher LLP

4

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Apple advertisements and then summarily conclude that the holistic, combined impact is some overall general "impression" (ACC ¶ 51) in the minds of consumers. Mot. at 11. For example, instead of identifying specific statements, the Opposition asserts that "Apple's media blitz" as a whole "*conveyed to consumers the overall message* that Siri operates" in a certain way, and that "[t]he *clear message of*" all of Apple's marketing, taken together, "was that Siri was capable of consistently" performing. Opp. at 5, 17 (emphases added).

Such allegations can never satisfy Plaintiffs' Rule 9(b) obligation to identify particular false statements. *See, e.g.*, *Rossi v. Whirlpool Corp.*, No. 12-cv-125, 2013 WL 1312105, at *6 (E.D. Cal. Mar. 28, 2013) (rejecting contention that "general discussion of Defendant's advertisements" pleaded misrepresentation claim because plaintiff failed to "cit[e] any misrepresentation that Defendant conveyed to them"); *Faigman v. Cingular Wireless, LLC*, No. 06-cv-4622, 2007 WL 708554, at *1, 4 (N.D. Cal. Mar. 2, 2007) (rejecting argument that defendant's "advertising seeks to convey the impression that" customers would receive particular rebates; "[a]t the very least, plaintiffs must identify a specific misrepresentation"). As this Court already explained, Plaintiffs needed to plead in the Amended Complaint "what exactly Apple led consumers to believe . . . *through what particular statements*" (Order at 23 (emphasis added)), such as by identifying a statement in which "Apple represented that [Siri] *always* answered every question correctly." Tr. at 7:21-8:6 (emphasis added). Plaintiffs do not even try to do this because they cannot; their misrepresentation claims therefore fail.

*Second*, Plaintiffs have not "'specified precisely how Siri failed to meet the representations that they claim Apple made'" so that Apple's representations were false. *See* Opp. at 10 (quoting Order at 23). The Opposition's "argument" on this point is nothing more than a list of the named Plaintiffs' allegations and then a bald concluding assertion that these allegations "detail[] that Siri did not work according to Apple's representations." Opp. at 12-13. This summary recitation ignores the Motion, which explained the flaw in such allegations, namely, that each of the named Plaintiffs' experiences with Siri is *untethered to any particular representation by Apple*. Mot. at 12. To the contrary, the named Plaintiffs admit that their questions and commands to Siri were *different* from those shown in the advertisements on which the named Plaintiffs allegedly relied. *Id.* at 5-9.

Plaintiffs' Opposition misses a crucial principle here. It is not enough for Plaintiffs to claim

5

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

1  that Apple's marketing materials as a whole conveyed some general impression regarding Siri's
2  functioning ("consistency") and that the named Plaintiffs' personal experiences with Siri did not
3  comport with this general impression. *See, e.g.*, *Rossi*, 2013 WL 1312105, at *6; *Faigman*, 2007 WL
4  708554, at *1, 4. Likewise, it is not enough to identify statements made in a commercial released
5  *after* all Plaintiffs bought their phones ("Rock God") and allege that one Plaintiff's experience with
6  Siri was different from that commercial. *See* Opp. at 5, 7-8 & n.4. Rather, to plead misrepresentation
7  claims, Plaintiffs must identify a *particular* representation about Siri that a *particular* named Plaintiff
8  saw prior to buying iPhone 4S, and then allege how that *particular* named Plaintiff's experience did
9  not comport with that *particular* representation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126
10  (9th Cir. 2009); *see also* Order at 23. Plaintiffs do not do this, as the Opposition effectively admits.

11  *Third*, the Amended Complaint does not adequately allege "how Apple knew or should have
12  known that these representations were false." *See* Opp. at 10 (quoting Order at 23). Plaintiffs ignore
13  the Court's holding that they must "*specif[y] precisely*"—not in a conclusory fashion—"how Apple
14  knew or should have known that [its] representations were false" (Order at 23 (emphasis added)) at
15  the time Apple made them. Plaintiffs' bald assertion that Apple's "testing of Siri would have
16  revealed that Siri was unable to perform as advertised" (Opp. at 14) is the height of conclusory
17  supposition and comes nowhere close to satisfying this standard. *See Baltazar v. Apple Inc.*, No. 10-
18  cv-3231, 2011 WL 588209, at *4 (N.D. Cal. Feb. 10, 2011) ("*Baltazar I*") (rejecting similar
19  conclusory allegation that "Apple must have known through its product testing about the alleged
20  defects or shortcomings of the iPad"). While the Opposition claims that "[a]dditional details
21  regarding its conduct are within Apple's control" (Opp. at 14 n.6), the Amended Complaint makes no
22  such allegation. Additionally, as the Motion explained (Mot. at 13) and the Opposition does not
23  dispute, Plaintiffs' "testing" allegations are based on an Apple commercial that aired *after* all named
24  Plaintiffs purchased their phones, and thus they cannot show that the Apple advertisements Plaintiffs
25  saw months earlier were knowingly false.[2]

---

[2] Plaintiffs' assertions regarding statements made months after Apple released the marketing materials at issue here, purportedly by an ex-Apple employee who left the company years before Siri was developed, as well as a third party's opinions of an Apple commercial that was released well after all named Plaintiffs bought their phones (Opp. at 9), are likewise irrelevant. *See*
*(Cont'd on next page)*

Plaintiffs conclude this section of their Opposition with an assault on the *Baltazar* opinions (Opp. at 14-15), but their argument falls flat. Plaintiffs claim that in contrast to the plaintiffs in *Baltazar I*, they have "described with specificity the content of [Apple's] particular commercials or advertisements" (*id.* at 14), but Plaintiffs ignore that they must also (but do not) plead "with specificity *the content of the alleged misrepresentations* made by Apple" in those "commercials and advertisements." *See* 2011 WL 588209, at *4 (emphasis added). Further, it is irrelevant that Apple's commercials regarding Siri "were not just 'brief scenes'" like those at issue in the *Baltazar* opinions. *See* Opp. at 15. The *Baltazar* opinions are devastating to Plaintiffs' claims because, just as plaintiffs there failed "to show that Apple ever represented or claimed that the iPad would operate without interruption," here too Plaintiffs fail "to show that Apple ever represented or claimed" that Siri would function flawlessly in all circumstances. *See Baltazar v. Apple Inc.*, No. 10-cv-3231, 2011 WL 6747884, at *3 (N.D. Cal. Dec. 22, 2011) ("*Baltazar II*").

### 2. The Opposition Cannot Save Plaintiffs' Deficient Reliance Allegations

The sufficiency of Plaintiffs' reliance allegations boils down to a simple question: is it enough merely for the named Plaintiffs to identify which advertisements they saw? Or must they identify the specific representations within those advertisements that they saw, considered material, and relied on in purchasing their phones? The law requires the latter—as well as requiring Plaintiffs to allege when and where they saw the representations—and therefore the Amended Complaint fails.

The Amended Complaint lists the advertisements Plaintiffs saw, but not when or where they saw them, and it also does not allege which specific representations in those advertisements Plaintiffs purportedly relied on. To be sure, as the Opposition observes, in one portion of the Amended Complaint Plaintiffs list various statements from the advertisements; and then much later, Plaintiffs allege generally that they relied on the advertisements as a whole. *See* Opp. at 15. But, crucially,

---

*(Cont'd from previous page)*

*Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1162 (N.D. Cal. 2011) (plaintiff required to allege defendant knew of alleged printer defect "at the time that it marketed, and [p]laintiff purchased, the printer"). Plaintiffs' assertions regarding Siri's beta status (Opp. at 9) also are irrelevant because the Amended Complaint does not connect Apple's knowledge regarding Siri's beta status to any alleged misrepresentations, nor does the Amended Complaint allege that Apple had any duty to disclose any information it purportedly did not disclose.

Gibson, Dunn & Crutcher LLP

7

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  nowhere does the Amended Complaint link up those two disparate sets of allegations and allege that
2  any Plaintiff relied on any particular representation in any particular advertisement.
3        This failure dooms Plaintiffs' reliance allegations.  As Plaintiffs admit, Rule 9(b) requires
4  them to plead sufficient facts "to put Apple on notice of the bases of their claims." *Id.* at 2.  The
5  Amended Complaint fails this test:  each of Apple's marketing materials contains numerous
6  statements (*see* ACC ¶¶ 32, 34, 36-38, 40, 44-47), but Plaintiffs' allegations do not put Apple "on
7  notice" of which of those statements in particular each named Plaintiff purportedly found material
8  and relied upon in purchasing his or her phone.  Indeed, it was for this very reason that this Court
9  expressly required Plaintiffs to plead that they "relied on" "X, Y and Z *statement* on this ad and that
10 ad . . . and this particular *representation* and that particular *representation* that . . . were *statements*."
11 Tr. at 16:20-23 (emphases added); *see also id.* at 11:19-22 ("[W]e need to know . . . what *exactly*
12 everybody relied on.") (emphasis added).  The Motion pointed Plaintiffs to this language twice (Mot.
13 at 2, 14), but the Opposition fails even to acknowledge the Court's instructions.[3]
14       Other courts have imposed the same pleading requirement, as the Motion demonstrated.  *Id.* at
15 14-15.  For example, in *Maxwell v. Unilever U.S., Inc.*, the court dismissed plaintiff's claims not only
16 for failure to specify which particular products violated labeling requirements, as Plaintiffs claim (*see*
17 Opp. at 16), but also because plaintiffs failed "to unambiguously specify . . . the allegedly unlawful
18 representations that were on the products, *and the particular statements [p]laintiff allegedly relied*
19 *on*."  No. 12-cv-1736, 2013 WL 1435232, at *5 (N.D. Cal. Apr. 9, 2013) (emphasis added).[4]
20 ///

---

[3] Plaintiffs misconstrue the Order in arguing that all the Court required was to identify the advertisements.  *See* Opp. at 15 (quoting Order at 29).  The Order did not state that Plaintiffs could plead reliance simply by listing the advertisements the named Plaintiffs saw.  Rather, the Order instructed Plaintiffs "to allege *with specificity* which commercials or other misleading advertisements they each relied upon." Order at 29 (emphasis added).  When viewed in conjunction with the Court's direction that Plaintiffs identify the particular "statements" and "representation[s]" in each "ad" on which they relied (Tr. at 16:20-23), and in light of the many statements actually made in each Apple advertisement Plaintiffs saw, the Court's instruction that Plaintiffs plead "with specificity" requires far more than the Amended Complaint provides.

[4] Plaintiffs' attempt to distinguish Apple's other cases depends entirely on the unsupported proposition that merely alleging the content of particular advertisements and then generally alleging reliance on those advertisements is sufficient to satisfy Rule 9(b).  *See* Opp. at 16 & n.7. But Apple's cases demonstrate the fallacy of that proposition, and Plaintiffs do not refute them.

8
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

Gibson, Dunn & Crutcher LLP

**B.     The Opposition Admits That The Misrepresentation Claims Depend On A Selective Reading Of The Challenged Representations And On Non-Actionable Statements**

Contrary to the Opposition's assertion that "whether a defendant's business practices were deceptive under California consumer law is a question of fact" (Opp. at 18), it is well-established that "[i]f an alleged misrepresentation would not deceive a reasonable consumer or amounts to mere puffery, then the claim may be dismissed as a matter of law." *Baltazar II*, 2011 WL 6747884, at *4 (citation omitted). As the Motion demonstrated, no reasonable consumer would have been deceived by Apple's advertisements (particularly in light of Apple's disclaimers) and Plaintiffs rely on non-actionable statements. Mot. at 15-18. The Opposition comes nowhere close to rebutting these arguments. Thus, Plaintiffs' misrepresentation claims should be dismissed under Rule 12(b)(6) as well as under Rule 9(b).

**1.     Plaintiffs Do Not Adequately Plead That Apple's Statements About Siri Were Likely To Deceive Reasonable Consumers**

The Opposition contends that "Plaintiffs' allegations plausibly support that Apple's advertisements and promotions regarding the functionality of Siri were likely to deceive members of the public." Opp. at 17. But as discussed *supra*, § A.1, Plaintiffs never explain *what* they claim Apple's advertisements purportedly deceived the public into believing about "the functionality of Siri." It is not enough simply to plead a conclusion that reasonable consumers are likely to be deceived. ACC ¶¶ 12, 118-20, 130. This pleading deficiency by itself requires dismissal, as demonstrated by a case cited in Plaintiffs' own Opposition. *See Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (2006) (dismissing UCL and CLRA claims where plaintiffs alleged "members of the public were likely to have been deceived about the quality, performance, and durability" of product at issue because this "merely concludes the public would likely be deceived, without pleading any facts showing the basis for that conclusion").

Instead of providing the required explanation of what they claim consumers were led to believe, Plaintiffs' Opposition proceeds by mischaracterizing the Motion's arguments. Apple never argued that an advertisement must be "literally false" in order to be actionable. *See* Opp. at 18. Rather, Apple's actual argument—to which Plaintiffs have no response—is that no reasonable

Gibson, Dunn & Crutcher LLP

9

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  consumer would understand Apple's advertisements to claim that Siri was an infallible product that
2  would function perfectly in all circumstances.  Mot. at 15-17.  Plaintiffs do not dispute, because they
3  cannot, that the general public understands that consumer products may occasionally not work
4  perfectly, even where advertisements for those products demonstrate the products functioning in
5  depicted circumstances.  *Id.*  Thus, Plaintiffs do not deny that if an advertisement for a cellphone
6  depicts individuals making phone calls, reasonable consumers understand that their calls on that
7  cellphone may be dropped or that they may not be able to make calls with that cellphone when they
8  are in an area with poor service.  *Id.*  Likewise, if an advertisement for a lighter shows it successfully
9  lighting, reasonable consumers understand that the lighter may not work in windy conditions or that
10 they may need to strike the lighter more than once on occasion.

11        Plaintiffs' flawed theory collapses under the weight of its own logical absurdity.  If Plaintiffs
12 were correct that merely showing a product functioning constituted a promise that the product would
13 *always* function in every circumstance no matter what, then no consumer product *ever* could be
14 advertised without a barrage of express disclaimers regarding how user experiences may vary in
15 countless different scenarios.  The law does not require such disclaimers, precisely because
16 reasonable consumers understand that advertisements showing or stating that consumer products can
17 function do not constitute guarantees of product infallibility.  *See Stuart v. Cadbury Adams USA,*
18 *LLC*, 458 F. App'x 689, 691 (9th Cir. 2011) (defendant not obligated to "clarify" that teeth-whitening
19 gum "works only if consumers continue to brush and floss regularly" because "[o]nly an
20 unreasonable consumer would be confused or deceived"); *cf. Baltazar II*, 2011 WL 6747884, at *3-4
21 (defendant not obligated to disclaim iPad's capacity to function "without interruption" or
22 "relentlessly" outdoors and in the sun in advertisements showing iPad being used in those
23 circumstances).[5]  Reasonable consumers would understand from Apple's advertisements only that
24 Siri *does* function—as Plaintiffs have admitted it does (*see* Order at 8, 39; Tr. at 17:2-7)—not that
25 Siri "work[s] *perfectly* and *never falter[s]*."  *See* Opp. at 5; *McKinney v. Google, Inc.*, No. 10-cv-
26 1177, 2011 WL 3862120, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing claims where plaintiff did not
27
28   [5]  Plaintiffs claim *Stuart* and *Baltazar II* are "inapplicable" but do not explain why.  Opp. at 18-19.

Gibson, Dunn & Crutcher LLP

10
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  "specifically identify any representation" that product "would maintain consistent" functionality).

2  But in any event, it is undisputed that Apple informed consumers that Siri may not always work perfectly in all circumstances. For example, during the iPhone 4S Press Event, which Balassone admits he watched (Opp. at 19), the presenter stated: "[Y]ou can't ask [Siri] everything, and it's not perfect." Dkt. 33-3 at 82:45. The presenter further explained that Siri "actually even gets better as you use it and it learns your voice." *Id.* at 86:12. That Siri will "get[] better as you use it" necessarily means Siri does not always function flawlessly to begin with. Similarly, the Siri FAQ webpage, which Hamagaki admits she read (Opp. at 19), states that Siri will "continue to improve over time" and explains that "the more you use Siri, the better it will understand you," and further that "[a]s more people use Siri . . . Siri will work even better." Dkt. 33-2. Again, the clear import of these disclosures is that Siri has limitations but will have improved functionality over time.[6]

Plaintiffs have no substantive response to the Motion's argument that these disclaimers are relevant to whether an advertisement, when viewed in its entirety, is likely to deceive. Mot. at 17 (citing cases). Plaintiffs simply deem the argument "wrong" without any analysis. Opp. at 19. Yet this Court already recognized that Apple's disclosures regarding Siri's limitations "certainly would help if someone was relying on" representations containing such disclosures. Tr. at 18:3-17. No reasonable consumer could believe that Siri is perfect when Apple specifically told that consumer Siri is *not* perfect. *See In re Sony Gaming Networks & Customer Sec. Data Breach Litig.*, 903 F. Supp. 2d 942, 968 (S.D. Cal. 2012) ("[I]n the presence of clear admonitory language that Sony's security was not 'perfect,' no reasonable consumer could have been deceived.").

Plaintiffs alternatively attempt to avoid Apple's disclosures by denigrating them as "selected snippets" or a "few words" (Opp. at 19), but in doing so Plaintiffs basically concede that they *are* selectively reading Apple's advertisements and purposefully ignoring these specific disclaimers. The

---

[6] Apple also disclosed that Siri is in "beta." Mot. at 5, 17. Contrary to Plaintiffs' assertion, Apple has not argued that its beta disclosures "act to bar Plaintiffs' claims." Opp. at 20. Apple's point—which the Opposition nowhere addresses—is that the existence of such disclosures (and others) in the very advertisements upon which Plaintiffs allegedly relied demonstrates Plaintiffs' selective reading of the challenged advertisements and undermines their claims that the advertisements would deceive reasonable consumers. Mot. at 17-18. Plaintiffs conspicuously still do not deny that they saw Apple's beta disclosures or that at the time they bought their iPhones they knew Siri was in beta and understood what beta meant. *See id.* at 17 n.8.

Gibson, Dunn & Crutcher LLP

11
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1   law does not permit such willful blindness.  *See, e.g.*, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152,

2   1162 (9th Cir. 2012) (affirming dismissal of FAL claim where advertisement contained a "legible

3   disclaimer" such that "no reasonable consumer" could have been deceived).[7]

### 2. Plaintiffs Fail To Identify A Single Actionable Statement Regarding Siri

As demonstrated *supra*, § A.1, neither the Amended Complaint nor the Opposition identifies *any* "specific and measurable claim[s]" Apple made about Siri that are "capable of being proved false or of being reasonably interpreted as a statement of objective fact."  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999); *see also* Order at 25-26.  Specifically, Plaintiffs are unable to identify any statement in which Apple claimed Siri would function "perfectly."  *See* Opp. at 5.  Instead, Plaintiffs continue to focus only on non-actionable statements.  For example, like the Amended Complaint (*see* Mot. at 18), the Opposition attacks statements that Siri is "the coolest feature of the new iPhone 4," "amazing," and "intelligent," and a "breakthrough."  *Id.* at 3, 11-12.  Such statements "cannot form the basis of Plaintiffs' claims."  Order at 26.

### C. The Opposition Confirms Plaintiffs' Inability To State A Claim Under The UCL

The Opposition does not refute Apple's showing that Plaintiffs lack standing under the UCL because they have neither suffered an injury in fact nor lost money as a result of any conduct by Apple.  *See* Opp. at 20-23.  Instead, Plaintiffs again simply cut and paste their Amended Complaint's allegations with no substantive analysis or case citations, followed by a conclusion that "[t]hese allegations are sufficient to satisfy the UCL's statutory standing requirements."  *Id.* at 21-22.  But as discussed above, Plaintiffs are unable to identify any actionable statement Apple made about Siri, much less a statement that Siri would work "consistently" (whatever Plaintiffs mean by that).  Thus, Plaintiffs' alleged "expectation that Siri would" function "on a consistent basis" (*id.* at 21) resulted *not* from "any particular deceptive or misleading statements made by Apple" (*see* Order at 41) but from their own personal assumptions.  In other words, if Plaintiffs believed Siri would function

---

[7] Plaintiffs' cases do not support their attempts to minimize Apple's disclosures, because they address a different issue:  whether representations that might be *non-actionable* if considered in isolation can become actionable when viewed in the context of an entire advertisement.  *See* Opp. at 19 (citing cases).  Those cases do not address the issue here, namely, whether an advertisement containing *disclaimers* renders the advertisement in its entirety *not* deceptive—as was discussed in the cases the Motion cited and Plaintiffs do not address.  Mot. at 17-18 (citing cases).

Gibson, Dunn & Crutcher LLP

12

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

flawlessly in all scenarios, this is an impression they formed on their own, independent of any representations Apple made. As a result, Plaintiffs lack standing under the UCL because, once again, they have "failed to allege adequately that they were injured as a result of any particular deceptive or misleading statements made by Apple." *See id.*; *see also* Mot. at 18-20.

Contrary to the Opposition's assertion, the Ninth Circuit's decision in *Birdsong v. Apple Inc.*, 590 F.3d 955 (9th Cir. 2009), is directly on point. *See* Opp. at 22. In *Birdsong*, plaintiffs claimed Apple's iPod posed an unreasonable risk of noise-induced hearing loss that deprived them of the benefit of their bargain. 590 F.3d at 961. However, plaintiffs lacked standing under the UCL because they did "not allege that Apple made any representations that iPod users could safely listen to music at high volumes for extended periods of time," and thus their "alleged injury in fact [wa]s premised on the loss of a 'safety' benefit that was not part of the bargain to begin with." *Id.* Similarly here, Plaintiffs claim that Siri fails to "provide an adequate response" to their questions "on a consistent basis," which deprived them of the benefit of their bargain. Opp. at 21-22. But they lack standing under the UCL because they fail to allege that Apple made any representations that Siri had such functionality, and thus their alleged injury is premised on the loss of a benefit that was not part of any bargain with Apple. *See also Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 146-47 (2008) (plaintiffs lacked UCL standing where they did not "allege any false or misleading representations that could be said to have become part of the purchase").[8]

But even if Plaintiffs had standing, they still would have no UCL claim. The Opposition does not dispute that Plaintiffs' claim under the UCL's "fraudulent" prong rises or falls with their insufficient misrepresentation claims. *See* Mot. at 21. Plaintiffs' claim under the "unlawful" prong should be dismissed because the Opposition does not even attempt to defend it against the Motion's arguments. *See* Opp. at 23. And Plaintiffs nowhere explain how Apple engaged in any "unfair"

---

[8] Plaintiffs' reliance on *Degelmann v. Advanced Medical Optics Inc.*, 659 F.3d 835 (9th Cir. 2011)—a subsequently vacated opinion that has no precedential value, *see* 699 F.3d 1103, 1104 (9th Cir. 2012)—is unavailing. *See* Opp. at 23. There, plaintiffs alleged that defendant represented its contact lens solution as an effective contact lens disinfectant and cleaner, but that in fact its users were seven times more likely than users of other solutions to suffer a particular eye infection. 659 F.3d at 838-39. Here, by contrast, Plaintiffs neither identify any representation Apple made regarding Siri's "consistency" nor explain how Siri did not meet that representation.

Gibson, Dunn & Crutcher LLP

13

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

conduct. Plaintiffs' sole argument, unsupported by any case law, is that "[a]dvertising that a product can perform certain functions that it cannot actually perform on a consistent basis violates public policy." *Id.* It is not surprising that Plaintiffs cannot cite any authority to support this sweeping generalization, because the extent to which such advertising could be "unfair" no doubt would depend on how "consistent" the product is represented to be compared to how "consistent" it actually is. The Court expressly instructed Plaintiffs to make such allegations if they could (Tr. at 7:21-8:12, 10:21-11:6), but Plaintiffs unquestionably have not done so.

**D.    The Opposition Does Not Revive Plaintiffs' Breach Of Express Warranty Claim**

As the Motion explained, Plaintiffs' Amended Complaint did nothing to address the deficiencies the Court identified in the breach of express warranty claim. Mot. at 22-24. Plaintiffs' Opposition does not show otherwise. *First*, Plaintiffs did not provide adequate pre-suit notice. *Id.* at 22-23. The Opposition does not deny that, by filing suit against Apple a mere *four days* after sending their demand letter, Balassone and Swartzman failed to allow Apple the opportunity to cure any alleged breach of warranty in order to "avoid the necessity of litigating the matter in court"—the entire purpose of the notice requirement. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011); *see also* Tr. at 13:13-16 ("four days . . . certainly doesn't give one much time to try to fix anything"). Plaintiffs likewise do not rebut that Balassone and Swartzman failed to provide the requisite pre-suit notice "within a reasonable time after discovery of the breach." *See Alvarez*, 656 F.3d at 932; Mot. at 22-23. Plaintiffs offer no authority for their bare assertion that "[f]our months is by no means an unreasonable amount of time." Opp. at 24.[9]

*Second*, even if Plaintiffs had provided proper pre-suit notice, Plaintiffs still "fail[] to allege the exact terms of any warranty." *See* Order at 36. Indeed, Plaintiffs *admit* the Amended Complaint contains no new substantive allegations directly relating to this claim. Opp. at 24-25 & n.11. Thus, Plaintiffs did not comply with this Court's instruction "to be more particular in terms of *what exactly [Plaintiffs] say the warranty was* and how it was breached" and did not allege a warranty "that can be

---

[9] The letter sent by Fazio (Opp. at 24) is irrelevant because, as the Court already held, that letter was served simultaneously with Fazio's complaint. Order at 33. Further, Plaintiffs do not dispute that Hamagaki failed to provide pre-suit notice.

Gibson, Dunn & Crutcher LLP

14

APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

1  stated expressly and proved or disproved." Tr. at 14:2-11 (emphasis added).[10]

## IV. CONCLUSION

For the foregoing reasons and those stated in Apple's Motion, the Amended Complaint is insufficient as a matter of law and should be dismissed in its entirety, without leave to amend. Although the Opposition includes a cursory request for further leave to amend (Opp. at 25 n.12), Plaintiffs do not explain what additional allegations they could plead in a third complaint that would remedy the deficiencies of the Amended Complaint, especially considering that they already have refused to follow this Court's instructions regarding how to remedy deficiencies in a prior pleading. *See Unlu v. Wells Fargo Bank NA*, No. 10-cv-5422, 2011 WL 6141036, at *9 (N.D. Cal. Dec. 9, 2011) (dismissing complaint without leave to amend "[g]iven [p]laintiffs' failure to plead or propose claims that would . . . state a cognizable legal theory"). Further amendment would be futile (Mot. at 24), and dismissal without leave to amend is thus appropriate here.

DATED: September 10, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:       */s/* Gail E. Lees
            Gail E. Lees

Attorneys for Defendant APPLE INC.

---

[10] This Court already rejected Plaintiffs' "theory [that] everything [Apple] told [them] in a commercial was an express warrant[y]" as "too vague to know what is warranted." Tr. at 14:2-9. The cases Plaintiffs cite cannot revive this argument, because in those cases, unlike here, the plaintiffs alleged that particular *statements* by the defendant in its advertising created an express warranty. *See Aaronson v. Vital Pharms., Inc.*, No. 09-cv-1333, 2010 WL 625337, at *4, 6 (S.D. Cal. Feb. 17, 2010) (plaintiff alleged "specific statements . . . about [product] in detail"); *Fundin v. Chi. Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 957 (1984) (plaintiff alleged sales brochure for drill rig that provided exact specifications of rig).

Gibson, Dunn & Crutcher LLP

15
APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO. 4:12-CV-01127-CW

# CERTIFICATE OF SERVICE

I, Susanne Hoang, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105, in said County and State. On September 10, 2013, I served the following document(s):

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

on the party stated below, by the following means of service:

> Kathleen L. Barber
> Robbins Geller Rudman & Dowd LLP
> 120 East Palmetto Park Road
> Suite 500
> Boca Raton, FL 33432

☑ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☑ I am employed in the office of Gail E. Lees, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 10, 2013 in San Francisco, California.

                                                        /s/ Susanne Hoang
                                                          Susanne Hoang

Gibson, Dunn & Crutcher LLP

CERTIFICATE OF SERVICE
MASTER FILE NO. 4:12-CV-01127-CW